**AMERICAN HOME PRODUCTS CORPORATION and Wyeth–Ayerst Laboratories, a Division of American Home Products Corporation, Appellants,**

v.

**Fawn C. CLARK, Sylvia Jacobson, Anna Kraus, Sharlet Laws, Nancy Webster, Donna Welch, Delia Zeeh, Carol Bodily, Mary Jo Hall, and Shonna Bush, Appellees.**

No. 10–99–134–CV.

Court of Appeals of Texas, Waco.

Sept. 8, 1999.

David C. Duggins, Susan W. Burnett, Marnie A. McCormick, Clark Thomas & Winters, P.C., Austin, Grant Leitch, Arnold & Porter (of Counsel), Denver CO, for Appellants.

J. Donald Bowen, Michael Y. Saunders, J. Scott Nabers, Helm, Pletcher, Bowen & Saunders, L.L.P., Houston, Daryl L. Moore, Sharon S. McCally, Moore & McCally, P.C., Houston, Dan M. Boulware, McLean & Boulware, Cleburne, for Appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

REX D. DAVIS, Chief Justice.

Appellees filed suit in Johnson County against Appellants and others for injuries allegedly sustained as a result of Appellees' use of a product combination commonly referred to as "phen-fen." None of the appellees is a resident of Johnson County. Appellants filed a "Motion to Transfer Venue, Objection to Attempted Joinder, and Motion to Strike and/or Sever Plaintiffs" under sections 15.002 and 15.003 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.002, 15.003 (Vernon Supp.1999). After receiving Appellees' response to this motion and conducting a hearing, the court denied the motion without specifying the grounds for its decision.

Appellees questioned our jurisdiction to hear this interlocutory appeal purportedly brought under section 15.003(c) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp.1999). Because the court's original order did not specify whether the court denied Appellants' motion because each appellee had established proper venue under section 15.002 or because each appellee was properly joined under section 15.003, we abated this cause and directed the court to prepare a revised order specifying the basis for its decision so we could answer Appellees' jurisdictional challenge. *See American Home Prods. Corp. v. Clark*, 3 S.W.3d 57 (Tex.App.—Waco 1999, order).

The court signed its "Revised Order" on July 9. That order states in pertinent part:

Based upon the record, the pleadings and all evidence, the Court finds that venue as to all Defendants is appropriate under Tex. Civ. Prac. & Rem.Code §§ 15.002(a)(2) and 15.005.

As the Court finds that Plaintiffs, each of them, have established venue as to all defendants pursuant to Tex. Civ. Prac. & Rem.Code §§ 15.002(a)(2) and 15.005, the Court need not decide the issues presented by the motions, evidence, and argument concerning Tex. Civ. Prac. & Rem.Code § 15.003.

■ Section 15.003(c) permits an appeal only from a decision "allowing or denying ... joinder" in cases where a party is "unable to independently establish proper venue." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c). In this case, the court found that each plaintiff had independently established proper venue. The court also concluded that because venue was proper it did not need to consider the joinder issues raised under section 15.003. Because the court found that each plaintiff had independently established venue and because the court did not reach the joinder question, section 15.003(c) cannot be the jurisdictional basis for this appeal.

■ No interlocutory appeal is permitted from a determination that venue has been established under sections 15.002(a) and 15.005 of the Civil Practice and Remedies Code. *Bristol–Myers Squibb Co. v. Goldston*, 983 S.W.2d 369, 374 & n. 19 (Tex.App.—Fort Worth 1998, pet. dism'd by agr.); TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986). Accordingly,

we dismiss this appeal for want of jurisdiction.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

I was wrong when I joined the order to abate this appeal and asked for a more specific order from the trial court. It is not too late to correct my error. I would not dismiss this appeal. We have the jurisdiction and the duty to review the trial court's determination of venue in this multi-plaintiff case. American Home is a party opposing the joinder of multiple individuals as plaintiffs. The trial court has issued an order allowing the joinder. The legislature has clearly given us jurisdiction to review that determination by interlocutory appeal.

## THE DISAGREEMENT

The trial court was presented with two issues.[1] In one issue American Home challenged venue under section 15.002[2] and by another issue challenged venue for the joinder of these plaintiffs and their claims under section 15.003. From the trial court's original order we were not able to determine the specific basis of the ruling which allowed the joinder of all these plaintiffs. I joined the other justices in asking for clarification of the trial court's order.

The trial court's revised order states that each plaintiff has established venue as to all defendants.[3] The order holds: "Accordingly, it is ORDERED that the motion

1. As the majority states it was a single document styled "Motion to Transfer Venue, Objection to Attempted Joinder, and Motion to Strike and/or Sever Plaintiffs." While all contained in one document it clearly challenged venue in the two alternative ways as discussed herein.

2. All section references are to the current version of the Texas Civil Practice and Remedies Code unless specified otherwise.

3. The revised order does not find, determine or hold that each plaintiff, independently of every other plaintiff, established Johnson County was a proper venue as to that individual plaintiff. The order is clear only in that venue as to each defendant was proper under section 15.005. American Home did not challenge that the plaintiff that lived in Johnson County, and had sued a doctor that lived in Johnson County, could properly maintain venue in Johnson County for her

to transfer venue and/or motions objecting to venue/joinder filed by Defendants American Home Products, ... are DE-NIED." Joinder of all eleven plaintiffs in this one suit in Johnson County is thus allowed by the trial court. The majority holds that the court determined venue was proper under section 15.002 and because there is no interlocutory appeal of a section 15.002 venue determination, we have no jurisdiction. According to the majority that is the end of our inquiry. Because I believe section 15.003 gives us jurisdiction of this interlocutory appeal, and was specifically designed to cover this very situation, I would not dismiss the appeal. The trial court has denied American Homes the relief they sought pursuant to section 15.003. I would consider the merits of the appeal under the authority and guidelines of section 15.003.

## PLAIN LANGUAGE OF SECTION 15.003

The plain language of section 15.003 gives the Court jurisdiction of this interlocutory appeal. Eleven plaintiffs have joined in one suit. American Home challenged that joinder in the trial court and lost. Within 20 days of the trial court's order American Home brought an appeal of that determination to this Court. Those are the elements necessary to establish our jurisdiction under section 15.003. The specific wording of the statute is as follows:

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocu-

tory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party.

The statute is very specific. Each element of the statute necessary to establish our jurisdiction is met. We have jurisdiction of this interlocutory appeal. *American Home Products Corporation v. Bernal*, No. 13–99–089–CV, note 1, 1999 WL 640034, note 1 (Tex.App.-Corpus Christi, August 19, 1999, n.p.h.).

An argument could be made that we only have jurisdiction if it is determined that the party seeking joinder is unable to independently establish proper venue. The question then becomes who makes that decision and whether we can review that decision and determine for ourselves whether we have jurisdiction. Obviously the trial court must initially make that decision. Once made, this Court has the jurisdiction to review that determination. It has been firmly established that we have the jurisdiction to determine whether we have jurisdiction. In this instance our review would include a determination of whether each plaintiff, independently of

---

claims. Because venue was proper for the resident defendant on the resident plaintiff's claims, venue was also proper on the non-resident defendants on the resident plaintiff's claims under section 15.005. Just because

one plaintiff has established proper venue as to all defendants, does not mean that each plaintiff has independently established venue as to all the defendants as the trial court's holding seems to imply.

any other plaintiff, had established Johnson County as a proper venue.

## OUR STANDARD OF REVIEW

The statute also specifies that our standard of review is an independent determination from the record. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon Supp. 1999). We are specifically prohibited from using an abuse of discretion or substantial evidence standard. *Id.* This strengthens the argument that we are to conduct our own independent review of each determination that the trial court has made in denying a challenge to venue under section 15.003.

The trial court's original order was all that was needed to give this Court jurisdiction. It is clear that American Home had challenged joinder of the eleven plaintiffs in this venue. The trial court's order denied American Home's motion challenging the joinder and allowed joinder of all eleven plaintiffs. We should have proceeded to our independent review of the joinder of these plaintiffs rather than abate the appeal for a more specific order. We should not again fail to follow our legislatively mandated duty by now dismissing this interlocutory appeal.