AMERICAN HOME PRODUCTS CORPORATION, A.H. Robins Company, Inc., Wyeth–Ayerst Laboratories Company, Appellants,

v.

Carol ADAMS, L. Bryan Ayers, Diane Bernson, Jill Blaisdell, Teddy Lou Bryan, Kathleen Buckley, Kerrie Connelley, Danette Cornell, Ferl Dillenbeck, Hazel Hester, Sheryl Hunter, Wendy L. Langner, Sheri C. Pett, Thayssen Watson, Robyn Larsen, Linda Sauer, Laurie Roberts, Kurt Williams, Mercy Valdez, Phares Johnson, Carol Stilson, Thelma Lail, Joanna Ouimett, Sandy Slaymaker, Myron Wilds, Yvonne Marquez, Sandra Jones, And Sandra Totman, Appellees.

No. 2–00–076–CV.

Court of Appeals of Texas,
Fort Worth.

June 15, 2000.

Rehearing Overruled July 13, 2000.

---

**32.** Tex.R.App. P. 45.

Clark, Thomas & Winters, David C. Duggins, Marnie A. McCormick, Austin, for Appellant.

Helm, Pletcher, Bowen & Saunders, L.L.P., J. Donald Bowen, Michael Y. Saunders, J. Scott Nabers, Moore & McCally, P.C., Daryl L. Moore, Sharon S. McCally, Houston, McDonald, Clay, Crow & McGartland, Mike McGartland and Mark A. Anderson, Fort Worth, for Appellee.

PANEL B: DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

### I. Introduction

The primary issue we must decide in this case is whether an interlocutory appeal is available under section 15.003(c) of the Texas Civil Practice and Remedies Code when the trial court bases its venue ruling on sections 15.002 and 15.005 and does not consider whether venue is proper based on the four joinder factors set out in section 15.003(a). Because we hold that an interlocutory appeal is available only to a party seeking or opposing joinder of a person who is unable to independently establish proper venue apart from the section 15.003(a) factors, we dismiss the appeal for want of jurisdiction.

### II. Background & Procedural History

Thirty-eight plaintiffs have sued 14 defendants in Tarrant County, alleging injuries resulting from the plaintiffs' ingestion of diet drugs generically known as fenfluramine, dexfenfluramine, and phentermine. American Home Products Corporation, A.H. Robins Company, Inc., and Wyeth–Ayerst Laboratories Company (collectively, American Home) contend that venue in Tarrant County is improper as to 28 of the plaintiffs. American Home moved to transfer venue to Dallas County, which is its principal place of business, asserting that the plaintiffs could not establish venue under either section 15.002 or section 15.003(a) of the civil practice and remedies code. Plaintiff-appellees responded that venue is proper in Tarrant County under sections 15.002 and 15.005. After a hearing, the trial court denied American Home's motion to transfer. The trial court's order provides, in pertinent part:

> The Court specifically finds that each plaintiff has independently established proper venue in accordance with TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 and § 15.005. Because the Court finds that each plaintiff has independently established proper venue, the Court need not address alternate theories of venue.

American Home seeks to challenge the trial court's ruling by interlocutory appeal. In its first issue, American Home contends appellees have not established proper venue under sections 15.002 and 15.005. Because an interlocutory appeal ordinarily is not available from a venue

determination, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 1986), we asked the parties to brief the issue of whether we have jurisdiction over this appeal. American Home asserts we have jurisdiction because a trial court's ruling in a multiplaintiff case is subject to interlocutory appellate review under section 15.003(c), regardless of the stated basis for the ruling in the trial court's order. *See id.* § 15.003(c) (Vernon Supp.2000). Appellees contend we lack jurisdiction because a venue ruling based on section 15.002 like the one in this case is not subject to interlocutory review under section 15.003(c). We agree.

### III. Discussion

Section 15.003 provides:

(a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

> (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
>
> (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;
>
> (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and
>
> (4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

. . . .

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located. . . .

*Id.* §§ 15.003(a), (c) (Vernon Supp.2000).

We have previously held that section 15.003(c) only provides an interlocutory appeal from joinder rulings involving plaintiffs unable to independently establish proper venue apart from the section 15.003(a) joinder factors. *Bristol–Myers Squibb Co. v. Goldston*, 983 S.W.2d 369, 374 (Tex.App.—Fort Worth 1998, pet. dism'd by agr.). If a plaintiff can establish that venue is proper in the county of suit, the plaintiff does not have to establish that joinder is proper under the four section 15.003(a) factors. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.003(a), (b). An interlocutory appeal is available only from the trial court's determination whether joinder is proper based on the four factors. An interlocutory appeal is not available from the trial court's determination that a plaintiff can independently establish proper venue apart from the four joinder factors. *See American Home Prods. Corp. v. Clark*, 999 S.W.2d 908, 910 (Tex.App.—Waco 1999, pet. granted) (holding that where trial court found each plaintiff had established proper venue under sections 15.002 and 15.005 and therefore did not reach question of whether joinder was proper based on section 15.003(a) factors, section 15.003(c) could not provide basis for interlocutory appeal).

The Texas Supreme Court has held that an interlocutory appeal under section 15.003(c) is available "[w]hen a trial court's order necessarily determines the propriety of a plaintiff's joinder under section 15.003(a)." *Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex.1999). American Home interprets this holding as mandating interlocutory appellate review of all venue determinations in multiplaintiff cases— whether the venue determination is based on the general venue statutes (e.g., sections 15.002 and 15.005) or on the section

15.003(a) joinder factors. We do not read section 15.003 so broadly.

 In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). We look to the statute's plain and common meaning, and we should not construe a statute to create an absurd result. *See* TEX. GOV'T CODE ANN. §§ 311.021(3), 312.002(a) (Vernon 1998); *Fitzgerald v. Advanced Spine Fixation*, 996 S.W.2d 864, 865 (Tex.1999); *Barshop v. Medina County Underground Water Cons. Dist.*, 925 S.W.2d 618, 629 (Tex.1996). By its express terms, section 15.003(c) only provides an appeal from the trial court's joinder determination as to plaintiffs who are "unable to independently establish proper venue." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c); *see also Surgitek*, 997 S.W.2d at 602 ("Section 15.003(a) takes as its starting point a 'person who is unable to establish proper venue.' ").

Moreover, the construction American Home urges would allow for an interlocutory appellate review of *any* multiplaintiff venue determination, including a simple car-wreck case in which two members of a single family were injured and sued or a case in which multiple plaintiffs injured in a single county sued multiple defendants who all resided in the county of suit. Such a construction would create an absurd result by defeating the Legislature's express provision that venue determinations ordinarily are not appealable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(a). Accordingly, we believe that by enacting section 15.003, the Legislature intended for an interlocutory appeal to be available only when the trial court's venue determination rests on whether the plaintiff has established the four factors set out in section 15.003(a). *See Surgitek*, 997 S.W.2d at 602 ("Section 15.003(a) takes as its starting point a 'person who is unable to establish proper venue' " apart from the four joinder factors). We dismiss American Home's first issue. In light of our holding with regard to this issue, we need not address American Home's remaining issues.

## IV. Conclusion

Because an interlocutory appeal is not available under the circumstances of this case, we dismiss the appeal for want of jurisdiction.