ELECTRONIC DATA SYSTEMS
CORPORATION, Appellant,

v.

PIONEER ELECTRONICS (USA)
INC. f/k/a/ Pioneer New Media
Technologies, Inc., Appellee.

No. 2–01–319–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 2002.

McKool Smith, P.C.; Sam F. Baxter, Rosemary T. Snider, Robert C.W. Lamb, Jill Bindler, Dallas, Electronic Data Sys-

tems Corp.; Dorothy Abzanka Culham, Plano, for Appellant.

Kelly Hart & Hallman, P.C.; Donald E. Herrmann, Derek W. Anderson, Fort Worth, for Appellee.

Panel B: DAY, LIVINGSTON, and GARDNER, J.J.

## OPINION

GARDNER, Justice.

### INTRODUCTION

This is an interlocutory appeal from a trial court's order denying Appellant's motion to strike a plea in intervention and a motion to transfer venue. Appellee filed a motion to dismiss the appeal for lack of jurisdiction, which we carried with submission of the appeal.[1] Therefore, we must first determine whether this court's appellate jurisdiction is properly invoked under the provision of the Texas Civil Practice and Remedies Code allowing an interlocutory appeal as to decisions regarding joinder or intervention of multiple plaintiffs. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c) (Vernon Supp.2002). We dismiss this appeal for want of jurisdiction.

### PROCEDURAL AND FACTUAL HISTORY

Akai Musical Instrument Corporation ("Akai") filed suit in the 153rd District Court of Tarrant County, Texas, against Appellant Electronic Data Systems Corporation ("EDS"). Akai alleged that EDS induced it to participate in a fraudulent procurement competition to supply goods and services to the North Atlantic Treaty Organization ("NATO"). Five days after Akai filed suit, Appellee Pioneer Electron-

ics (USA) Inc., f/k/a Pioneer New Media Technologies, Inc. ("Pioneer") filed a Plea in Intervention alleging that EDS induced Pioneer to participate in the same competition. Neither Akai nor Pioneer claim Tarrant County as their principal place of business.

Pioneer alleged that EDS engaged in a single, wrongful scheme, a substantial part of which occurred in Tarrant County, against Akai, Pioneer, and possibly others. Consequently, Pioneer asserted, venue was proper in Tarrant County under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code. *Id.* § 15.002(a)(1) (Vernon Supp.2002). Alternatively, Pioneer alleged that venue in Tarrant County was proper because it satisfied the four intervention or joinder requirements listed in subsections (1) through (4) of section 15.003(a). *Id.* §§ 15.003(a)(1)-(4).

Appellant EDS, alleging its principal place of business is in Collin County, Texas, filed a Motion to Strike Pioneer's Plea in Intervention and, in the Alternative, Motion to Transfer Venue to Collin County. In its motion to strike and motion to transfer, as well as at the trial court's hearing, EDS contended that Pioneer could establish neither proper venue independently in Tarrant County under section 15.002 nor a proper basis for intervention or joinder in the pending suit with Akai under section 15.003(a) or (b) of the civil practice and remedies code.

Following a hearing at which the trial court considered the pleadings, affidavits, discovery, and arguments of counsel, the trial court denied EDS's motion to strike and motion to transfer venue as to Pioneer. The trial court's order did not specify the basis for its decision, merely stating:

1. *See Abel v. Surgitek,* 975 S.W.2d 30, 34 (Tex.App.—San Antonio 1998) (addressing and disposing of Appellee's motion to dismiss in opinion on merits), *rev'd on other grounds,* 997 S.W.2d 598 (Tex.1999).

ON THIS DAY came for consideration in the above-styled and numbered cause Defendant Electronic Data Systems ("EDS") Corporation's Motion to Strike Pioneer's Plea in Intervention and in the Alternative, Motion to Transfer Venue to Collin County. After reviewing the Motion, any responses, all other relevant papers on file and hearing the arguments of counsel, the Court is of the opinion that EDS's Motion to Strike Pioneer's Plea in Intervention should be DENIED, and EDS's Motion to Transfer Venue to Collin County should be DENIED.

EDS filed a notice of appeal, seeking to invoke this court's interlocutory jurisdiction pursuant to Section 15.003(c) of the Texas Civil Practice and Remedies Code. Pioneer moved to abate the appeal because the trial court's order did not specify the basis for its ruling and it was, therefore, unclear whether this court had appellate jurisdiction under section 15.003(c). This court agreed, abated the appeal, and ordered the trial court to "prepare a revised order specifying the basis of its ruling." On December 31, 2001, the trial court signed a revised order, providing:

> After reviewing the Motion, any responses, all other relevant papers on file and hearing the arguments of counsel, the Court is of the opinion that EDS's Motion to Strike Pioneer's Plea in Intervention should be DENIED, and EDS's Motion to Transfer Venue to Collin County should be DENIED because intervention is proper under the Texas Rules of Civil Procedure, and venue is proper in Tarrant County under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code. In the alternative, the Court finds that venue is appropriate under Section 15.003 of the Texas Civil Practice and Remedies Code.

In support of its motion to dismiss this appeal, Pioneer argues that section 15.003(c) allows an interlocutory appeal only to contest the trial court's decision allowing or denying intervention or joinder pursuant to section 15.003(a) or (b). Because the trial court has specifically concluded that *venue* of Pioneer's claims is proper in Tarrant County pursuant to section 15.002(a)(1), only alternatively determining that joinder or intervention is proper under section 15.003, Pioneer contends that no interlocutory appeal is permitted. We agree with Pioneer.

## DISCUSSION

### I. Joinder and Intervention of Multiple Plaintiffs

In 1983, the Texas Legislature overhauled Texas venue law and revised and codified the new venue statutes as Chapter 15 of the Texas Civil Practice and Remedies Code. A. Erin Dwyer, Donald Colleluori, Gary D. Eisenstat, *Texas Civil Procedure*, 52 S.M.U. L. REV. 1485, 1488 n. 36 (1999). Further changes were made as a part of the 1995 legislative "tort reform" efforts. *Id.* at 1488.

The general venue statute, section 15.002, added in 1995, specifies that, except as otherwise provided, all suits shall be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, in the county of the defendant's residence at the time the cause of action accrued if the defendant is a natural person, in the county of the defendant's principal office if the defendant is not a natural person, or in the county in which the plaintiff resided when the cause of action accrued. TEX. CIV. PRAC. & REM. CODE § 15.002(a).

Section 15.003, governing joinder and intervention of plaintiffs, was added by the legislature in 1995 as a response to the

recommendation of the supreme court in *Polaris Investment Management Co. v. Abascal,* to eliminate forum shopping by plaintiffs with no connection to the forum who were permitted by the 1983 revisions to have tag-along or piggy-back venue based upon proper venue of only one plaintiff in the county of suit. 892 S.W.2d 860, 862 (Tex.1995) (orig.proceeding); TEX. CIV. PRAC. & REM. CODE § 15.003. Section 15.003(c) adds a limited right of interlocutory appeal as to joinder and intervention decisions of the trial court. *Id.* § 15.003(c). Section 15.003 provides, in full:

> (a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
>
> > (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
> >
> > (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;
> >
> > (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and
> >
> > (4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.
>
> (b) A person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff:
>
> > (1) establishes proper venue for the county in which the suit is pending, or

> > (2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).
>
> (c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located.

*Id.* §§ 15.003(a), (b) & (c).

## II. No Interlocutory Appeal as to Venue Rulings

 The legislature has provided that no interlocutory appeal is available from a trial court's determination of a venue question. *Id.* § 15.064(a) (Vernon 1986). Generally, a party must await a final judgment to appeal an erroneous venue ruling. *Id.* § 15.064(b); *Am. Home Prods. Corp. v. Clark,* 38 S.W.3d 92, 95 (Tex.2000). By enacting section 15.003(c), as previously discussed, the legislature established a limited right of interlocutory appeal in a case involving multiple plaintiffs, but only as to issues involving joinder and intervention, not venue. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c).

### A. *Interlocutory appeal only as to plaintiffs unable to independently establish proper venue*

In analyzing section 15.003(c), the Supreme Court of Texas has clearly provided the circumstances under which venue may be reviewed via interlocutory appeal. In *Surgitek v. Abel,* the court noted that, if the trial court's order determines an intervention or joinder issue under section 15.003(a), then section 15.003(c) allows either party to contest that decision via interlocutory appeal. 997 S.W.2d 598, 601 (Tex.1999). Likewise, we have previously

held that section 15.003(c) provides an interlocutory appeal only from joinder or intervention rulings involving plaintiffs who are unable to independently establish proper venue apart from section 15.003(a) joinder factors. *Am. Home Prods. Corp. v. Adams*, 22 S.W.3d 121, 123 (Tex.App.—Fort Worth 2000, pet. dism'd by agr.); *Bristol–Myers Squibb Co. v. Goldston*, 983 S.W.2d 369, 374 (Tex.App.—Fort Worth 1998, pet. dism'd by agr.).

■ Notably, Section 15.003(c) specifically allows interlocutory appeal only as to intervention or joinder of "a person who is *unable to independently establish proper venue.*" *Id.* (emphasis added). In other words, section 15.003(c) "takes as its starting point 'a person who is unable to establish proper venue.'" *Surgitek*, 997 S.W.2d at 602 (holding interlocutory appellate jurisdiction existed to review venue transfer order necessarily based on determination that plaintiffs failed to establish proper joinder under section 15.003(a)). Thus, as the court in *Surgitek* pointed out, before a trial court even reaches the four elements for joinder under section 15.003(a), it "first has to determine whether a plaintiff can independently establish proper venue." *Id.* at 602.[2]

### B. No interlocutory appeal as to ruling that person is able to independently establish proper venue

■ Conversely, section 15.003(c) does *not* provide for interlocutory appeal from the trial court's determination that "a person seeking intervention or joinder *has* independently established proper venue." *Clark*, 38 S.W.3d at 96 (emphasis added) (citing *Goldston*, 983 S.W.2d at 374). If a plaintiff is able to establish, independently of any other plaintiff, that venue is proper in the county of suit, the plaintiff need not establish that joinder or intervention is proper under the four factors set forth in 15.003(a). TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a). In that circumstance, no interlocutory appeal is available from the determination that venue is proper. *Clark*, 38 S.W.3d at 96; *Adams*, 22 S.W.3d at 123 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.003(a), (b)). "[I]f the trial court determines that venue is proper under section 15.002, the inquiry is over." *Clark*, 38 S.W.3d at 96. If the trial court, "even erroneously, decides that venue is proper under section 15.002, an interlocutory appeal under section 15.003(c) is unavailable." *Id.*

In *Clark*, Defendant American Home filed a motion to transfer venue and a challenge to joinder of a number of nonresident plaintiffs in that suit filed in Johnson County claiming injury from diet drugs commonly known as Phen-fen. 38 S.W.3d at 94. American Home challenged venue under both sections 15.002 and 15.003. *Id.* As in this case, in its original order the trial court denied all of American Home's motions without stating the basis for its decision. *Id.* The court of appeals abated and requested the trial court to issue a revised order specifying the basis for its ruling. *Id.* at 94–95.

In its revised order, the trial court specified that the plaintiffs each established proper venue under section 15.002(a)(2) and 15.005, and that it thus need not decide whether joinder was proper under section 15.003. *Id.* The court of appeals held that it lacked appellate jurisdiction

---

**2.** As to the propriety of intervention by a plaintiff, the same predicate is set forth in section 15.003(b). A person may not intervene as a plaintiff unless the person, independently of any other person: "(1) establishes proper venue for the county in which the suit is pending, or (2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a)." TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b).

because 15.003(c) permits an interlocutory appeal only where a party is "unable to independently establish proper venue." *Am. Home Prods. Corp. v. Clark,* 999 S.W.2d 908, 910 (Tex.App.—Waco 1999), *aff'd,* 38 S.W.3d 92 (Tex.2000). A divided Supreme Court of Texas affirmed that decision, with the majority emphasizing that section 15.003(c) allows an interlocutory appeal only for one specific purpose: "to contest the trial court's decision allowing or denying intervention or joinder." *Clark,* 38 S.W.3d at 96. Thus, the court held, neither the court of appeals nor the supreme court had jurisdiction in an interlocutory appeal to review the trial court's ruling that the plaintiffs independently established proper venue under sections 15.002. *Id.*

■ This case is controlled by *Clark.* The trial court's revised order in this case specifically states: "venue is proper in Tarrant County under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code." Because the trial court has ruled that venue is proper under section 15.002(a)(1), we are deprived of jurisdiction to hear this interlocutory appeal under section 15.003(c). *See id.* (analyzing interplay between section 15.002 and 15.003); *Surgitek,* 997 S.W.2d at 602 (holding section 15.003(c) does not allow interlocutory appeal if trial court rules venue is proper as to a joining plaintiff under section 15.002); *Adams,* 22 S.W.3d at 123–24 (noting section 15.003(c) only allows interlocutory appeal of joinder or intervention where plaintiff cannot "independently establish proper venue").

## C. The trial court's ruling as to venue for Pioneer is "independent" of any other plaintiff

EDS argues that the revised order of the trial court does not justify our dismissing for lack of appellate jurisdiction because the order does not specifically find that Pioneer "independently of any other plaintiff" established proper venue in the county of suit, as required by section 15.003(b). We disagree with EDS's argument. In *Surgitek,* the supreme court approved a "functional" approach of interpreting the venue transfer order in that case as necessarily resting on the trial court's determination that joinder was proper under section 15.003(a). 997 S.W.2d at 601. Because the order in *Surgitek* necessarily rested on joinder under section 15.003(a), the court held it was appealable. *Id.* Applying the "functional" approach adopted by the supreme court in *Surgitek,* we believe the order of the trial court here necessarily rests on a determination that venue is proper as to Pioneer, independently from Defendant Akai, because the trial court found venue proper under section 15.002(a)(1) (necessarily finding that "all or a substantial part of the events or omissions" giving rise to Pioneer's claims occurred in Tarrant County). Stated differently, we accept the implied finding in support of the trial court's order that Pioneer established proper venue in Tarrant County independently from Akai. *See Surgitek, Inc. v. Adams,* 955 S.W.2d 884, 888 (Tex.App.—Corpus Christi 1997, writ dism'd by agr.) (examining implicit findings of a trial court's joinder order). Under *Clark,* that venue ruling is not appealable under section 15.003(c). 38 S.W.3d at 96.

We also note that the revised order in *Clark* is remarkably similar to the order in this case, in likewise merely stating that venue had been properly established under section 15.002. *Clark,* 999 S.W.2d at 910 (quoting revised order).[3] The revised or-

---

3. In *Clark,* the revised order signed by the trial court after abatement by the court of

der in *Clark* did "not find, determine or hold that each plaintiff, independently of every other plaintiff, established Johnson County was a proper venue as to that individual plaintiff." *Id.* at 912 n. 3 (Gray, J., dissenting). Nevertheless, the supreme court found no difficulty in characterizing the order as "independently" establishing proper venue in the county of suit. *Clark*, 38 S.W.3d at 96.

EDS insists that there is no evidentiary support for the trial court's determination that venue is proper in Tarrant County as to Pioneer based upon Pioneer's theory of actions by EDS in Tarrant County in carrying out an alleged common fraudulent scheme against Akai and Pioneer. EDS is requesting that we rule on the very issue—the propriety of the trial court's venue ruling—that we have no jurisdiction to consider. As mentioned above, even if the trial court *erroneously* decides that venue is proper under section 15.002, our inquiry is over, and interlocutory appeal under section 15.003(c) is not available. *Id.*

 Finally, EDS contended for the first time at oral argument that Pioneer cannot rely upon section 15.002 for venue because it did not originally plead that statute but only added it as a ground for venue in its First Amended Petition in Intervention. Even if we consider that complaint to be properly raised at this juncture, we find no requirement that a plaintiff must plead the basis for venue in the county of suit at all, much less is a plaintiff limited to grounds for venue

appeals for clarification as to the basis for the denial of the motion to transfer venue and motion to strike intervention and joinder stated in pertinent part as follows:

Based upon the record, the pleadings and all evidence, the Court finds that venue as to all Defendants is appropriate under Tex. Civ. Prac. & Rem.Code §§ 15.002(a)(2) and 15.005.

pleaded in its original petition. *See* TEX. R. CIV. PROC. 86, 87(3)(a-d).

## IV. CONCLUSION

No interlocutory appeal is permitted from a determination that proper venue is established under section 15.002(a)(1) of the Texas Civil Practice and Remedies Code. The trial court's order unambiguously determines that Pioneer established proper venue under 15.002(a)(1). Accordingly, we do not reach the merits of EDS's appeal. We dismiss this appeal for want of jurisdiction.

As the Court finds that Plaintiffs, each of them, have established venue as to all defendants pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(2) and 15.005, the Court need not decide the issues presented by the motions, evidence, and argument concerning Tex. Civ. Prac. & Rem.Code § 15.003. *Id.*