Ward et al. v. Combs, et al

IN THE
TENTH COURT OF APPEALS
 

No. 10-03-014-CV

     D'ANN WARD
     AND D'GENA THOMPSON,
                                                                              Appellants
     v.

     KENNETH L. COMBS
     AND CRAIG M. DAUGHERTY,
                                                                              Appellees
 

From the 82nd District Court
Falls County, Texas
Trial Court # 34,265
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      D’Ann Ward and D’Gena Thompson filed a legal malpractice suit against Kenneth L. Combs
and Craig M. Daugherty in Falls County complaining about the manner in which the attorneys
litigated Ward’s personal injury claim in Bell County. Daugherty filed a motion to transfer venue
to Smith County. The court granted Daugherty’s motion after hearing. Ward and Thompson filed
this interlocutory appeal.
      This Court has jurisdiction over an interlocutory appeal only when expressly provided by
statute. Stary v. DeBord, 967 S.W.3d 352, 352-53 (Tex. 1998); Chase Manhattan Bank v.
Bowles, 52 S.W.3d 871, 878 (Tex. App.—Waco 2001, no pet.). The venue statutes expressly
prohibit an interlocutory appeal of an adverse venue determination. Tex. Civ. Prac. & Rem.
Code Ann. § 15.064(a) (Vernon 2002); Surgitek v. Abel, 997 S.W.2d 598, 601 (Tex. 1999); Am.
Home Prods. v. Clark, 999 S.W.2d 908, 910 (Tex. App.—Waco 1999), aff’d, 38 S.W.3d 92 (Tex.
2000).
      We notified Appellants by letter dated January 23, 2003 that their appeal appears subject to
dismissal for want of jurisdiction. We warned them that the appeal could be dismissed if they did
not file a response within ten days thereafter showing grounds for continuing the appeal. See Tex.
R. App. P. 42.3(a), 44.3. They have not responded.
      Accordingly, we dismiss their appeal for want of jurisdiction. Appellants shall pay all costs
of court in this behalf expended.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 12, 2003
[CV06]

align:justify;text-indent:17.3pt;line-height:
200%'>Gonzalez argues that these three statements
were obtained in violation of the law because he was a suspect who was detained
and not free to leave, and he was not read his Miranda warnings.

The State argues that the three statements
were properly admitted because Gonzalez was detained for questioning as a
witness and the statements in question were made voluntarily.[1]

Article 38.22 and the Fourth
Amendment do not preclude the admission of non-custodial statements. See,
e.g., Tex. Code Crim. Proc. Ann.
art. 38.22, 5; Dowthitt v. State, 931 S.W.2d 244, 263 (Tex. Crim. App.
1996). A statement is custodial only if, under the circumstances, a
reasonable person would believe that his freedom of movement was restrained to
the degree associated with a formal arrest. Dowthitt, 931 S.W.2d at
254. Subjective belief about custody is irrelevant unless that belief is shown
in words or actions. Id. Although the investigation's focus and the
existence of probable cause are relevant, the determination of custody must be
made by considering all objective circumstances. Id. at 254-55.

A person held for investigative detention
is not in custody. See id. at 255. An investigative detention is a
detention of a person reasonably suspected of criminal activity to determine
identity or maintain the status quo momentarily while obtaining more
information. See Terry v. Ohio, 392 U.S. 1, 20-21, 88 S.Ct. 1868,
1879-80, 20 L.Ed.2d 889 (1968). The detention's scope must be temporary,
lasting no longer than necessary to effectuate its purpose, and must involve
actual investigation and use the least intrusive means possible. See Davis v. State, 947 S.W.2d 240, 244-45 (Tex. Crim. App. 1997); Burkes v. State,
830 S.W.2d 922, 925 (Tex. Crim. App. 1991). However, the passage of time alone
is not determinative. See Smith v. State, 945 S.W.2d 343, 346-47 (Tex.
App.Houston [1st Dist.] 1997, pet. ref'd) (holding detention of almost four
hours was valid because the police diligently pursued the suspects vision
that he used to lead a search for victim's body). 

Police conduct may elevate
non-custodial interrogation to custodial interrogation. Dowthitt, 931
S.W.2d at 255. We examine each progressive level of intrusion to determine its
reasonableness under the circumstances based on the information known to the
officer at the time. Francis v. State, 896 S.W.2d 406, 411 (Tex. App.Houston
[1st Dist.] 1995, pet. dism'd). In Dowthitt, custody was inferred in an
usual circumstance when: (1) a very long time period elapsed during which
interrogation occurred, (2) the police exercised control over the defendant,
and (3) the defendants admission to being present at the scene of the crime manifested
probable cause. Dowthitt, 931 S.W.2d at 257. In Berkemer v. McCarty,
the U.S. Supreme Court stated that the only relevant inquiry is how a
reasonable man in the suspects position would have understood his situation,
and whether treatment by the police can be fairly characterized as the
functional equivalent of formal arrest. Berkemer v. McCarty, 468 U.S. 420, 441-42, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984).

When Gonzalez made all three
statements, he (1) had never been told that he was a suspect, (2) was never
told he was under arrest, (3) was told that the detectives wanted to question
him as a witness, and (4) was never placed in handcuffs. We find nothing in
the record that indicates Gonzalez should have been given Miranda
warnings at any point prior to the three statements at issue in this appeal.
Gonzalez has failed to demonstrate that, when he made these three statements,
he was subjected to restraints comparable to those associated with a formal
arrest. See Berkemer, 468 U.S. at 441-42, 104 S.Ct. at 3151; Dowthitt,
931 S.W.2d at 255. Because Gonzalez was told he was not free to leave,[2]
at most, these statements were made during an investigative detention. See
Terry, 392 U.S. at 20-21, 88 S.Ct. at 1879-80. We do not find that police
conduct elevated the non-custodial interrogation or the investigative detention
into a custodial interrogation. See Dowthitt, 931 S.W.2d at 255. Thus,
we find that these statements were properly admitted by the trial court.

We overrule this issue.

CONCLUSION

Having overruled the single issue,
we affirm the judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed August 3, 2005

Do
not publish 

[CRPM]

 [1] The
State also argues that the complaint about the statement made to Detective
Mathews was not preserved because Gonzalez did not object at the suppression
hearing. However, the rules of evidence do not apply in suppression hearings.
Tex. R. Evid. 101(d)(1)(A); Granados
v. State, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002). The State also argues
that the statement made to Detective Anderson was not objected to at trial.
However, the motion to suppress and the ruling by the court to admit this
statement was sufficient to preserve this issue for appeal. Tex. R. Evid. 103(a)(1).

 [2] There
is nothing in the record to indicate Gonzalez ever attempted to leave.