# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00223-CV

**John Koo Hyun Kim, Appellant**

**v.**

**United Central Bank and Texas Department of Banking, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-06-004538, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Koo Hyun Kim filed a notice of appeal, seeking to appeal from the trial court's order granting appellee United Central Bank's motion to transfer venue. We have reviewed the clerk's record filed in this cause and because we lack jurisdiction over this interlocutory appeal, we dismiss the cause for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Generally, courts of appeals may exercise jurisdiction of appeals from final orders or judgments only. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."). There are certain statutory exceptions to this rule, which explicitly provide for an interlocutory appeal from a non-final order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2006) (listing permissible interlocutory appeals). An appeal from a trial court's venue determination may not be reviewed by interlocutory appeal. *Id*. § 15.064(a)

(West 2002) (no interlocutory appeal from trial court's determination of venue); *Electronic Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257 (Tex. App.—Fort Worth 2002, no pet.).

Appellant seeks to appeal from the trial court's interlocutory order transferring venue from Travis County to Dallas County. We may not consider this complaint in an interlocutory appeal. Therefore, we must dismiss this cause for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   July 5, 2007

2