

NUMBER 13-07-00717-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAN UZZELL,                                                          Appellant,

v.

WILLIAM T. McGEE,                                                   Appellee.

## On appeal from the 107th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Rodriguez

Pro se appellant Dan Uzzell filed suit for fraud in Cameron County, Texas against

appellee William T. McGee and others.  After a hearing, the trial court granted McGee's

motion to sever and transfer venue.  In this accelerated appeal, Uzzell, by one issue,

challenges the trial court's order transferring venue.[1] Appellee contends that the trial court's order transferring venue is interlocutory and not appealable; therefore, this Court does not have jurisdiction. We agree and dismiss for want of jurisdiction.

Generally, appellate jurisdiction applies to cases in which a final judgment has been rendered, or a statute permits interlocutory appeal. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Section 15.064 of the Texas Civil Practice and Remedies Code provides that "[i]n all venue hearings, no factual proof concerning the merits of the case shall be required to establish venue. The court shall determine venue questions from the pleadings and affidavits. *No interlocutory appeal shall lie from the determination*." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 2002) (emphasis added).

In this case, the appeal is from a venue order and not a final judgment. Furthermore, the statute does not permit interlocutory appeal from a determination of venue; in fact, it prohibits interlocutory appeal. *Id.*; *Elec. Data Sys. Corp. v. Pioneer Elecs.*, 68 S.W.3d 254, 257 (Tex. App.–Fort Worth 2002, no pet.) ("The legislature has provided that no interlocutory appeal is available from a trial court's determination of a venue question."). Therefore, this Court does not have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 22nd day of May, 2008.

---

[1] Uzzell does not challenge the severance order.

2