NUMBER
13-10-00693-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                      

 

COUNSEL FINANCIAL SERVICES, L.L.C.,                              Appellant,

 

v.

 

DAVID McQUADE LEIBOWITZ

AND DAVID McQUADE LEIBOWITZ, P.C.,                       
    Appellees.

                                                                      

 

On appeal from the 370th District Court 

of Hidalgo County, Texas.

                                                                  

 

MEMORANDUM OPINION

 

 Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            Appellant, Counsel Financial Services, L.L.C.
(“Counsel Financial”), appeals the denial of its motion to transfer venue
pursuant to section 15.003 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code
§ 15.003 (West Supp. 2010).  We dismiss the appeal for want of jurisdiction.

I.  Background

            Counsel Financial loaned the law firm of David
McQuade Leibowitz, P.C. more than five million dollars.  The loan was secured
by David McQuade Leibowitz, P.C. and David McQuade Leibowitz individually
(collectively “Leibowitz”).  The promissory note evidencing the loan was
secured by an agreement and guaranty executed by Leibowitz in his individual
capacity.  The note and security agreement were modified several times by the
agreement of the parties over the course of several years.  These documents
provided Counsel Financial with a security interest in Leibowitz’s legal fees,[1] accounts, and
intangibles in the event of a default under the loan.  

Leibowitz failed to make payments
due under the loan, and Counsel Financial brought suit against Leibowitz in
cause number 12008–010002 in the Supreme Court of the State of New York, in and
for the County of Erie, styled Counsel Financial Services, LLC v. David McQuade
Leibowitz, P.C. et al.  Following several trial court hearings, Counsel
Financial obtained a summary judgment on the note and security agreement.[2] Leibowitz
unsuccessfully appealed the judgment in the New York court system.  

On December 2, 2008, Counsel
Financial filed an authenticated copy of the New York judgment in state
district court in Bexar County, Texas.  On December 29, 2008, Leibowitz filed a
motion for relief from enforcement of this foreign judgment, arguing that the
trial court should apply the Craddock standard for motions for new trial
with regard to the domestication of foreign judgments.  See Craddock v.
Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (holding
that a default judgment should be set aside and a new trial granted if (1) the
failure to answer or appear at trial was not intentional or the result of
conscious indifference but was due to a mistake or accident; (2) the defendant
sets up a meritorious defense; and (3) the motion is filed at such time that
granting a new trial would not result in delay or otherwise injure the
plaintiff).  On January 30, 2009, the trial court granted Leibowitz’s motion
and refused to enforce the New York judgment.  

Counsel Financial appealed that
determination.  The San Antonio Court of Appeals held that the Craddock
motion for new trial standard relating to default judgments does not apply to
proceedings under the Uniform Enforcement of Foreign Judgments Act.  Counsel
Fin. Serv., L.L.C., v. Leibowitz, P.C., 31 S.W.3d 45, 47 (Tex. App.—San
Antonio 2010, pet. denied).  The court reversed and rendered judgment that the
New York judgment is entitled to full faith and credit and is fully enforceable
in Texas.  Id. at 57.  The Texas Supreme Court denied the petition for
review of this cause on August 20, 2010, and denied rehearing on October 15,
2010.

In separate trial court
proceedings, which underlie this appeal, Leibowitz represented Maria Alma
Anzaldua in a personal injury lawsuit against Kmart Corporation (“Kmart”) in
the 370th District Court of Hidalgo County.  Upon learning that the parties had
reached a settlement in the personal injury lawsuit, Counsel Financial filed a
plea in intervention in that suit on grounds that Leibowitz had refused to pay
the New York debt and judgment.  In this intervention, Counsel Financial sought
“an order from the Court directing all Parties to pay directly to [Counsel
Financial] all funds (up to the amount of CFS’s lien) to which Leibowitz and
the Law Firm may be entitled to as a result of this case and the settlement.” 
Counsel Financial expressly stated that it “[did] not seek to disturb the
proposed settlement agreement in the Lawsuit” and likewise “[did] not seek to
disturb the rights of Plaintiff to receive the portion of the settlement that
is rightfully hers, or the release of Defendant from the Lawsuit.”  

On October 9, 2009, in response to
Counsel Financial’s intervention, Leibowitz also intervened in the Hidalgo
County suit and asserted claims for affirmative relief against Counsel
Financial, including claims for declaratory and temporary injunctive relief and
damage claims for tortious interference and business disparagement.  By his
first amended pleading, Leibowitz sought an anti-suit injunction and an anti-execution
injunction attempting to restrain Counsel Financial from enforcing either the
security agreement or the domesticated judgment.  According to Leibowitz’s
pleadings, Counsel Financial claimed that it was entitled to his portion of the
settlement funds based either on “a foreign default judgment which is not now
enforceable under Texas law, or a Security Agreement which [Counsel Financial]
has itself breached.”

Counsel Financial filed two
separate motions to transfer venue from Hidalgo County to Bexar County, and
Leibowitz filed two responses to these motions.  After holding a hearing on the
motions to transfer, the trial court ultimately denied both motions on December
1, 2010.  This appeal ensued.[3]

II.  Jurisdiction

Counsel Financial contends that the
trial court erred in denying its motion to transfer venue to Bexar County
because:  (1) Leibowitz did not independently establish that Hidalgo County is
a proper venue for his affirmative claims against Counsel Financial; and (2)
Leibowitz did not independently establish each of the factors required by
section 15.003(a) of the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code §
15.003.  In contrast, Leibowitz contends, inter alia, that Counsel
Financial waived its right to challenge venue; the relief requested by Counsel
Financial interferes with appellate jurisdiction because there is an appeal
pending from another ruling,[4]
and section 15.003 of the civil practice and remedies code is inapplicable,
thus no interlocutory appeal lies from the trial court’s determination
regarding venue.

            As a threshold matter, we address Leibowitz’s
contention, raised by motion to dismiss, that we lack jurisdiction over the
appeal.  The general rule is that a venue ruling is not a final judgment ripe
for appeal.  See Tex. Civ. Prac.
& Rem. Code Ann. § 15.064(a) (West 2002); see also Tex. R. Civ. P. 87(6) (“There shall be
no interlocutory appeals from such determination.”).  Counsel Financial asserts
that the denial of the motion to transfer venue is appealable pursuant to
section 15.003 of the civil practice and remedies code.  Section 15.003,
entitled “Multiple Plaintiffs and Intervening Plaintiffs,” provides in relevant
part: 

(a) In a suit in
which there is more than one plaintiff, whether the plaintiffs are included by
joinder, by intervention, because the lawsuit was begun by more than one
plaintiff, or otherwise, each plaintiff must, independently of every other
plaintiff, establish proper venue. If a plaintiff cannot independently
establish proper venue, that plaintiff’s part of the suit, including all of
that plaintiff’s claims and causes of action, must be transferred to a county
of proper venue or dismissed, as is appropriate, unless that plaintiff,
independently of every other plaintiff, establishes that:

 

(1) joinder of that
plaintiff or intervention in the suit by that plaintiff is proper under the
Texas Rules of Civil Procedure;

 

(2) maintaining
venue as to that plaintiff in the county of suit does not unfairly prejudice
another party to the suit;

 

(3) there is an
essential need to have that plaintiff’s claim tried in the county in which the
suit is pending; and

 

(4) the county in
which the suit is pending is a fair and convenient venue for that plaintiff and
all persons against whom the suit is brought.

 

(b) An interlocutory
appeal may be taken of a trial court’s determination under Subsection (a) that:

 

(1) a plaintiff did
or did not independently establish proper venue; or

 

(2) a plaintiff
that did not independently establish proper venue did or did not establish the
items prescribed by Subsections (a)(1)–(4).

 

Tex. Civ. Prac. &
Rem. Code § 15.003.  On appeal, the appellate court determines whether
the trial court’s order is proper based on an independent determination from
the record and not under either an abuse of discretion or substantial evidence
standard.  See id. § 15.003(c).  

Because we have no
jurisdiction over this appeal unless Leibowitz qualifies as a plaintiff, our analysis
begins with this issue.  It has long been established that an intervening party
may be characterized as either a defendant or as a plaintiff.  Savage v.
Cowen, 33 S.W.2d 433, 434 (Tex. Comm’n App. 1930) (holding that intervenors
may occupy the position of either plaintiffs or defendants); Ivey v. Harrell,
1 Tex. Civ. App. 226, 230, 20 S.W. 775, 776 (Galveston 1892, no writ) (same).  Compare
HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd., 235 S.W.3d 627
(Tex. 2007) (intervening plaintiffs); O’Quinn v. Hall, 77 S.W.3d 452,
457 (Tex. App.—Corpus Christi 2002, orig. proceeding) (same), with
Tex. Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 504 (Tex.
1995) (intervening defendants); Jenkins v. Entergy Corp., 187 S.W.3d 785 (Tex. App.—Corpus Christi 2006, pet. denied)
(same); see also Anglo Irish Bank Corp. v. Ashkenazy & Agus Ventures,
LLC, No. 02-10-00299-CV, 2010 Tex. App. LEXIS 9765, at *3 (Tex. App.—Fort
Worth Dec. 9, 2010, no pet.) (mem. op.) (“A party may intervene in a lawsuit as
either a defendant or a plaintiff.”).  Whether an intervenor is characterized
as a plaintiff or a defendant depends on the character of the rights asserted
and the relief requested through the intervention.  Sec. State Bank v.
Merritt, 237 S.W. 990, 992 (Tex. Civ. App.—Amarillo 1922, no writ); see
also Anglo Irish Bank Corp., 2010 Tex. App. LEXIS 9765, at **3–4.  

The underlying
lawsuit was instituted by Anzaldua against Kmart.  Counsel Financial intervened
in the lawsuit on grounds that it “is a secured creditor and judgment creditor”
of Leibowitz and his firm, who serve as counsel for Anzaldua.  According to the
plea in intervention, Anzaldua and Kmart had agreed to settle the case “which
will result in funds being paid to the Debtors for their attorney’s fees and
costs.”  Counsel Financial asserted that it “has a lien against such funds” on the
grounds that Leibowitz had “wholly failed and refused to pay the debt and
judgment due and owing” to Counsel Financial.  Leibowitz specifically sought
“an order from the Court directing all Parties to pay directly to [Counsel
Financial] all funds (up to the amount of CFS’s lien) to which Leibowitz and
the Law Firm may be entitled to as a result of this case and the settlement.” 
As stated previously, Counsel Financial expressly stated that it did not seek
to obtain the funds allocated to Anzaldua as a result of the settlement, nor
did it intend to affect Kmart’s release from the lawsuit.  

In response, Leibowitz intervened
in the Hidalgo County suit to stop Counsel Financial from obtaining any of the
funds in the registry of the court.  He asserted claims for affirmative relief,
including claims for declaratory and temporary injunctive relief and damage
claims for tortious interference and business disparagement.  By his first
amended pleading, Leibowitz also sought an anti-suit injunction and an anti-execution
injunction attempting to restrain Counsel Financial from enforcing either the
security agreement or the domesticated judgment.  According to Leibowitz’s
pleadings, Counsel Financial claimed that it was entitled to his portion of the
settlement funds based either on “a foreign default judgment which is not now
enforceable under Texas law, or a Security Agreement which [Counsel Financial]
has itself breached.”

Based on the foregoing, we conclude
that Counsel Financial intervened in the lawsuit as a plaintiff because it was
seeking to recover that portion of the funds Kmart was paying to Anzaldua which
represented her attorney’s fees.  In short, Counsel Financial sought to recover
funds from Leibowitz out of Kmart’s settlement payment to Anzaldua.  In
contrast, Leibowitz filed defensive pleadings seeking to avoid Counsel
Financial’s recovery, and there is no indication in the record that Leibowitz
would have filed an intervention or any other responsive pleading against
Counsel Financial’s claims if Counsel Financial had not first intervened in
this action as an intervening plaintiff.  The record before the trial court and
this Court is sparse with regard to the precise contour of the litigation first
fought in New York and then contested in Bexar County, but Leibowitz’s
pleadings in the underlying action confirm that his interests are adverse to
intervening plaintiff Counsel Financial’s.  Based on our independent review of
the record, we conclude that Leibowitz’s intervention in the action below is
best characterized as a defensive intervention.

III.  Conclusion

Generally, a party
must wait until a final judgment occurs in order to appeal an erroneous ruling
regarding venue.  Tex. Civ. Prac. &
Rem. Code Ann. § 15.064(b); Surgitek, Bristol-Myers Corp. v. Abel,
997 S.W.2d 598, 601 (Tex. 1999); Elec. Data Sys. Corp. v. Pioneer Elecs.
(USA) Inc., 68 S.W.3d 254, 257 (Tex. App.—Fort Worth 2002, no pet.). 
However, when a case involves multiple plaintiffs, wherein plaintiffs are
included by joinder or intervention, section 15.003 establishes a limited right
of interlocutory appeal to contest a trial court’s venue determination.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 15.003(b)-(c); Surgitek, Bristol-Myers Corp., 997 S.W.2d at 601; Elec.
Data Sys. Corp., 68 S.W.3d at 257.  This limited right of interlocutory
appeal extends only to plaintiffs who are unable to independently establish
proper venue apart from the joinder factors set out in section 15.003(a).  Tex. Civ. Prac. & Rem. Code Ann. §
15.003(b)-(c); Elec. Data Sys. Corp., 68 S.W.3d at 258.  Because the
record supports the characterization of Leibowitz as an intervening defendant,
section 15.003 does not apply.[5] 
Because no applicable statute allows for an interlocutory appeal to be heard, the
appeal must be dismissed for want of jurisdiction.  Accordingly, we grant
Leibowitz’s motion to dismiss and we dismiss the appeal for want of
jurisdiction.  

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

1st day of July, 2011. 









[1] Neither
party has briefed the issue regarding whether such an agreement violates rule
5.04 of the Texas Disciplinary Rules of Professional Conduct, and accordingly,
this opinion does not address that issue.  See Tex. Disciplinary R. Prof’l Conduct 5.04(a), reprinted in
Tex. Gov’t Code Ann., tit. 2,
subtit. G, app. A (West Supp. 2010) (providing generally that “[a] lawyer or
law firm shall not share or promise to share legal fees with a non-lawyer”).

 





[2] The
specific proceedings underlying the rendition of judgment in that case are
detailed by the San Antonio Court of Appeals in Counsel Financial Services,
L.L.C., v. Leibowitz, P.C., 31 S.W.3d 45 (Tex. App.—San Antonio 2010, pet.
denied).  





[3]
By separate appeal arising from the same trial court proceedings, Counsel
Financial challenged a temporary injunction which prevented it from instituting
legal proceedings to enforce a security agreement and collecting on a judgment
in its favor.  By opinion issued this same date, the Court reversed the trial
court’s order granting the injunction and remanded the cause for further
proceedings consistent with that opinion.  See Counsel Fin. Servs., L.L.C.
v. Leibowitz, No. 13-10-00200-CV, 2011 Tex. App. LEXIS, *__ (Tex. App.—Corpus
Christi June 30, 2011, no pet. h.) (mem. op.).  

 

By petition for writ of
mandamus, also arising from the same underlying proceedings, Counsel Financial
sought to set aside an order of the trial court which allegedly denied Counsel
Financial’s motion to transfer venue.  In re Counsel Fin. Servs., L.L.C.,
No. 13-10–00157-CV, 2010 Tex. App. LEXIS 3112, at *1 (Tex. App.—Corpus Christi
Apr. 27, 2010, orig. proceeding).  This Court concluded that the issue was
premature because the trial court has not yet ruled on relator’s motion to
transfer venue and denied the petition for writ of mandamus.  See id. at
**2–3.  We note in this regard that section 15.0642 of the civil practice and
remedies code provides for mandamus relief to enforce a mandatory venue
provision.  Tex. Civ. Prac. & Rem.
Code Ann. § 15.0642 (West 2002); In re Transcon. Realty Investors,
271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); In re Tex. Dep’t of
Transp., 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding).  In cases
regarding mandatory venue, the relator is not required to show the lack of an
adequate remedy by appeal.  In re Mo. Pac. R.R., 998 S.W.2d 212, 215–16
(Tex. 1999) (orig. proceeding).  The only issue presented in such cases is the
legal question regarding whether the trial court properly interpreted the
mandatory venue provision.  In re Transcon. Realty Investors, 271 S.W.3d
at 271; In re Tex. Ass’n of Sch. Bds., Inc., 169 S.W.3d 653, 656 (Tex.
2005) (orig. proceeding).

 





[4]
On March 22, 2010, the trial court entered an order granting Leibowitz’s
request for a temporary injunction.  Counsel Financial appealed that order in Counsel
Financial Services, L.L.C. v. David Mcquade Leibowitz and the Law Offices of
David McQuade Leibowitz, P.C., currently pending before this Court in
appellate cause number 13-10-00200-CV.

 





[5]
In April, Counsel Financial provided this Court
with a letter stating that this “is an appeal under section 15.003 of the Texas
Civil Practice and Remedies Code” and this statute “provides that the court of
appeals shall render judgment not later than the 120th day after the date the
appeal is perfected.”  Tex. Civ. Prac.
& Rem. Code Ann. § 15.003.  We have concluded that section 15.003 is
inapplicable to the instant case; however, even if we were to hold otherwise,
section 15.003(c) is directory, not jurisdictional. Wyeth v. Hall, 118
S.W.3d 487, 490 (Tex. App.—Beaumont 2003, no pet.) (citing Tex. R. App. P. 19.2 regarding the
plenary jurisdiction of appellate courts in the context of section 15.003(c)).