AMERICAN HOME PRODUCTS COR-
PORATION and Wyeth–ayerst Labo-
ratories, a Division of American Home
Products Corporation, Appellants,

v.

Fawn C. CLARK, Sylvia Jacobson, Anna
Kraus, Sharlet Laws, Nancy Webster,
Donna Welch, Delia Zeeh, Carol Bodi-
ly, Mary Jo Hall, and Shonna Bush,
Appellees.

No. 10–99–134–CV.

Court of Appeals of Texas,
Waco.

June 29, 1999.

David C. Duggins, Susan W. Burnett,
Marnie A. McCormick, Clark Thomas &
Winters, P.C., Austin, Grant Liser, Brown,
Herman, Dean, Wiseman, Liser & Hart,
L.L.P., Fort Worth, Brian Leitch, Arnold
& Porter (of counsel), Denver, CO, for
Appellants.

J. Donald Bowen, Michael Y. Saunders,
Helm, Pletcher, Bowen & Saunders,
L.L.P., Houston, Daryl L. Moore, Sharon
S. McCally, Moore & McCally, P.C., Hous-
ton, Dan M. Boulware, McLean & Boul-
ware, Cleburne, for Appellees.

Before Chief Justice DAVIS, Justice
VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Appellees have questioned our jurisdic-
tion to hear this interlocutory appeal pur-
portedly brought under section 15.003(c) of
the Civil Practice and Remedies Code. *See*
TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)
(Vernon Supp.1999). Appellees filed suit
in Johnson County against Appellants and
others for injuries allegedly sustained as a
result of Appellees' use of a product combi-
nation commonly referred to as "phen-
fen." None of the Appellees is a resident
of Johnson County.[1] Appellants filed a
"Motion to Transfer Venue, Objection to
Attempted Joinder, and Motion to Strike
and/or Sever Plaintiffs" under sections
15.002(a) and 15.003(a) of the Civil Practice
and Remedies Code. *See* TEX. CIV. PRAC. &
REM.CODE ANN. §§ 15.002(a), 15.003(a)
(Vernon Supp.1999). After receiving Ap-
pellees' response to this motion and con-
ducting a non-evidentiary hearing, the

---

**1.** Plaintiff Glenda F. Gallup is also a party to
the underlying suit. However, Appellants do
not challenge the trial court's ruling as to
Gallup. Thus, she is not a party to this ap-
peal.

court denied the motion without specifying the grounds for its decision.

Section 15.003(a) provides that in cases involving multiple plaintiffs, "each plaintiff must, independently of any other plaintiff, establish proper venue." *Id.* § 15.003(a). Each plaintiff who is unable to independently establish proper venue under another provision of Chapter 15 of the Code cannot maintain venue unless she establishes:

(1) joinder is proper under the Rules of Civil Procedure;

(2) joinder does not "unfairly prejudice another party to the suit";

(3) an "essential need" to have her claim tried in that county; and

(4) the present venue is "fair and convenient" for that plaintiff and all defendants.

*Id.* A party opposing the joinder of one who cannot independently establish proper venue "may contest the decision of the trial court allowing ... joinder by taking an interlocutory appeal to the court of appeals." *Id.* § 15.003(c); *see also Bristol–Myers Squibb Co. v. Goldston,* 983 S.W.2d 369, 374 (Tex.App.—Fort Worth 1998, pet. dism'd by agr.).

In the instant case, Appellees argue that they independently established proper venue because they each named a Johnson County physician as a defendant in their suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(2) (Vernon Supp.1999). They argue in the alternative that they satisfied the four joinder requirements under section 15.003(a) for plaintiffs unable to independently establish proper venue.

The trial court's order does not specify whether the court denied Appellants' motion because Appellees independently established proper venue under section 15.002(a) or because they met the joinder requirements of section 15.003(a). If the former is the basis for the court's ruling, then we do not have jurisdiction over this appeal. *Goldston,* 983 S.W.2d at 374; *compare* TEX. CIV. PRAC. & REM.CODE ANN.

§ 15.003(c) (permitting interlocutory appeal when plaintiff unable to independently establish proper venue) *with* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986) (no interlocutory appeal generally permitted from venue determinations). If the latter, then we may.

Because the trial court's order does not specify the basis for that court's ruling and because our jurisdiction depends on the basis for the trial court's ruling, we abate this cause for that court to enter a more specific order detailing the basis for its ruling. The court's revised order shall be filed with this Court in a supplemental clerk's record within fifteen (15) days after the date of this Order.