James Bagnall, County Judge, et al. v. J.A. Breithaupt
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-354-CV

     JAMES BAGNALL,
     COUNTY JUDGE, ET AL.,
                                                                         Appellants
     v.

     J.A. BREITHAUPT,
                                                                         Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 97-00-07853-CV
                                                                                                                
                                                                                                            
OPINION ON REHEARING
                                                                                                                
   
      J. A. Breithaupt filed suit against James Bagnall, County Judge of Navarro County, and
Betty Armstrong, Olin Nickleberry, William Baldwin, and Paul Slaughter, the Commissioners
of Navarro County, (collectively, “Appellants”) alleging that they improperly classified
numerous county roads on and around his property. Appellants filed a “Motion for Summary
Judgment and Plea to the Jurisdiction” premised on sovereign immunity. The court granted
the motion in part. On original submission, this Court dismissed the appeal for want of
jurisdiction because the court’s order on its face does not appear to deny Appellants’ claim of
immunity as to any of Breithaupt’s causes of action.
      Appellants have filed a Motion for Rehearing and to Permit Supplementation of the
Record. By this motion, they seek to supplement the record with correspondence between the
parties and the trial court and with proposed orders tendered to the court after it informed the
parties of its decision. They argue that this supplementation will clarify the court’s order and
will demonstrate that the court did deny their assertion of immunity as to several of
Breithaupt’s claims. Breithaupt responds that rehearing should be denied because Appellants
failed to object to the form of the court’s order, and thus they have failed to properly preserve
the matter for our review. Breithaupt also directs our attention to an e-mail communication
from Appellants’ counsel to the trial court informing the court that he had no objection to
deletion of an originally-proposed “Mother Hubbard” clause from the order.


 Breithaupt asks
in the alternative that we further supplement the record with this e-mail communication and
other documents demonstrating that Appellants did not object to the form of the order
ultimately signed by the court.
      The Supreme Court has held that a pre-order letter ruling does not provide competent
evidence of the basis for the court’s ruling. See Cherokee Water Co. v. Gregg County
Appraisal Dist., 801 S.W.2d 872, 878 (Tex. 1990); Mondragon v. Austin, 954 S.W.2d 191,
193 (Tex. App.—Austin 1997, pet. denied) (op. on reh’g). Appellants’ motion to supplement
the record and Breithaupt’s response demonstrate why this is a sound rule. The basis for a
trial court’s decision and the extent of the court’s ruling must be determined from the language
of the decree itself and not from the communications between the parties and the court during
the interim between the court’s initial pronouncement and the signing of the written order. 
Accordingly, we deny both parties’ requests to supplement the record with communications of
this nature. Nevertheless, because our jurisdiction over this appeal is unclear, we will grant
Appellants’ motion for rehearing to further examine this issue.
      Appellants cite to a 1996 decision of our Supreme Court in which the Court addressed one
of the means by which an appellate court can determine the finality of a judgment. Continental
Airlines, Inc. v. Kiefer, 920 S.W.2d 274 (Tex. 1996).
Finality “must be resolved by a determination of the intention of the court as
gathered from the language of the decree and the record as a whole, aided on occasion
by the conduct of the parties.”

Id. at 277 (quoting 5 Roy W. McDonald & Elaine G. Carlson, Texas Civil Practice §
27:4[a] (2d ed. 1999)); accord White v. CBS Corp., 996 S.W.2d 920, 922 (Tex. App.—Austin
1999, pet. denied).
      Applying the Continental Airlines test still produces an uncertain result. The decree on its
face plainly does not deny Appellants’ assertion of immunity as to any of Breithaupt’s claims. 
On the other hand, the post-judgment conduct of the parties (i.e., the positions they have taken
in their respective appellate briefs) indicates that both sides at least initially believed that the
court denied Appellants’ claim of immunity as to several of Breithaupt’s causes of action.


 
However, we do not believe that the conduct of the parties can be determinative in resolving
the issue of whether an appealable order has been signed.
      In addition to our traditional appellate jurisdiction over civil and criminal cases, the
Constitution vests this Court with “such other jurisdiction, original and appellate, as may be
prescribed by law.” Tex. Const. art. V, § 6. Section 22.220(c) of the Government Code
provides that this Court “may, on affidavit or otherwise, as the court may determine, ascertain
the matters of fact that are necessary to the proper exercise of its jurisdiction.” Tex. Gov.
Code Ann. § 22.220(c) (Vernon 1988) (emphasis added). 
      Our jurisdiction over this appeal depends on the scope of the trial court’s intended ruling. 
If the court did not deny Appellants’ assertion of immunity in any respect, then we do not have
jurisdiction over the appeal.


 If the court did deny Appellants’ immunity claim in some
respect, then we may. The language of the order when juxtaposed with the conduct of the
parties presents a factual dispute which the trial court is best situated to resolve. See id.; see
also American Home Prods. Co. v. Clark, 3 S.W.3d 57, 57-58 (Tex. App.—Waco, order),
disp. on merits, 999 S.W.2d 908 (Tex. App.—Waco 1999, pet. granted).
      Because the trial court’s order does not clearly indicate that the court denied Appellants’
assertion of immunity with respect to any of Breithaupt’s causes of action and because our
jurisdiction depends on whether the court did so, we abate this cause for that court to enter a
more specific order. See American Home Prods., 3 S.W.3d at 58. The court’s revised order
shall be filed with the Clerk of this Court in a supplemental clerk’s record within fifteen (15)
days after the date of this Opinion.
      Appellant’s motion for rehearing is granted. The opinion and judgment of this Court
dated May 10, 2000 are withdrawn. This appeal is abated to the trial court for a revised order
clarifying the scope of its November 16, 1999 order.
                                                                   PER CURIAM
Before Chief Justice Davis
      Justice Vance and
      Justice Gray
      (Justice Gray dissenting with note: Believing that our original opinion is correct, I would
deny rehearing.)
Rehearing granted, appeal abated
Order issued and filed August 2, 2000
Do not publish