*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★ ★ ★ ★

# OPINION

No. 04-10-00128-CV

**BASIC ENERGY SERVICES GP, LLC** and Basic Energy Services, L.P.,
Appellants

v.

Nelda **GOMEZ**, Duly Appointed Legal Guardian of the Estate of Kayla Deanne Lazo (Minor),
Amador Lazo, and Brittany Lazo,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-09-74
Honorable Alex William Gabert, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 14, 2010

APPEAL ABATED

This is an interlocutory appeal from a trial court's order denying appellants', Basic

Energy Services GP, LLC and Basic Energy Services, L.P.'s ("Basic Energy"), motion to

transfer venue.  Appellees, Nelda Gomez, Duly Appointed Legal Guardian of the Estate of Kayla

Deanne Lazo, Amador Lazo, and Brittany Lazo ("Gomez and the Lazos"), contend this appeal

should be dismissed for lack of jurisdiction.  We abate this cause and order the trial to enter a revised order specifying the basis for its ruling.

## PROCEDURAL AND FACTUAL HISTORY

Kayla DeAnne Lazo was seriously injured after an Xbox game system caught fire. Kayla's medical expenses were paid by an insurance program provided by Kayla's father's employer, Basic Energy.  On behalf of Kayla, Gomez and the Lazos brought suit against GameStop Corporation, the retailer who sold the game, and Microsoft Corporation, the manufacturer of the game.  The lawsuit was brought in Duval County, Texas on the basis that "all or part of the facts giving rise to this cause accrued, in whole or in part, in Duval County." A settlement was reached with GameStop Corporation, and the remainder of the suit was removed to the United States District Court for the Southern District of Texas, Corpus Christi Division.  A settlement was ultimately reached with Microsoft Corporation.  Proceeds from the first settlement were paid to reimburse the insurance program, but a balance remained.

After the second settlement, Gomez filed a declaratory judgment action in Duval County against the Lazos, Basic Energy, and The Phia Group, LLC, which is a third party administrator of the insurance program.  In that suit, Gomez alleged Kayla's father, Amador Lazo, was responsible for repayment of the unreimbursed balance.  Thereafter, the Lazos filed a third-party petition against The Phia Group, LLC, Basic Energy, and Michael Sweeny, an agent of The Phia Group, LLC.  The Lazos complained The Phia Group, Basic Energy, and Sweeny had agreed to limit the insurance program's recovery to the amount actually received by the Lazos from the Microsoft settlement proceeds and breached that agreement.

Basic Energy filed a motion to transfer venue, alleging venue was improper in Duval County and the suit should be transferred to Midland County, Texas.  After receiving Gomez and

the Lazos' response and Basic Energy's reply, the trial court conducted a hearing and ultimately denied the motion without specifying the grounds for its decision.

## DISCUSSION

On appeal, Basic Energy asserts the trial court erred in denying its motion to transfer venue from Duval County to Midland County.

### *Jurisdiction*

Before we address the substantive issues in this case, we must first determine whether this court's appellate jurisdiction is properly invoked. Gomez and the Lazos argue this appeal must be dismissed for lack of jurisdiction in accordance with section 15.064 of the Texas Civil Practice and Remedies Code ("the Code"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (Vernon 2002). In response, Basic Energy argues this court has interlocutory jurisdiction pursuant to section 15.003(c) of the Code. *See id.* § 15.003(c) (Vernon Supp. 2009).

Section 15.064 provides that no interlocutory appeal is available from a trial court's determination of a venue question. *Id.* § 15.064(a) ("The court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from the determination.") In general, a party must wait until a final judgment occurs in order to appeal an erroneous ruling regarding venue. *Id.* § 15.064(b); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Elec. Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257 (Tex. App.—Fort Worth 2002, no pet.).

However, when a case involves multiple plaintiffs, wherein plaintiffs are included by joinder or intervention, section 15.003 establishes a limited right of interlocutory appeal to contest a trial court's venue determination. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)-(c); *Surgitek, Bristol-Myers Corp.*, 997 S.W.2d at 601; *Elec. Data Sys. Corp.*, 68 S.W.3d at 257.

This limited right of interlocutory appeal extends only to plaintiffs who are unable to independently establish proper venue apart from the joinder factors set out in section 15.003(a). TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)-(c); *Elec. Data Sys. Corp.*, 68 S.W.3d at 258. Section 15.003(a) provides:

> In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for a suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
>
> (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
>
> (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit
>
> (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and
>
> (4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM. CODE ANN § 15.003(a). Sections 15.003(b)-(c) permit a party challenging the joinder of a plaintiff who cannot independently establish proper venue to take an interlocutory appeal. *Id.* § 15.064(b)-(c).

Here, Gomez and the Lazos filed suit against Basic Energy, asserting venue was proper in Duval County under section 15.002(a) of the Code on the basis that "all or part of the facts giving rise to this cause accrued, in whole or in part, in Duval County." *See id.* § 15.002 (a). Basic Energy filed a motion to transfer venue under section 15.003, asserting each plaintiff must "independently of every other plaintiff establish proper venue." *See id.* § 15.003(a). Thereafter, Gomez and the Lazos filed their response, arguing venue was proper in Duval County pursuant to section 15.002. *See id.* § 15.002. Although Basic Energy filed its motion to transfer venue

under section 15.003, in its reply, Basic Energy alleged venue was improper in Duval County pursuant to sections 15.002 and 15.003. Moreover, at the trial court's hearing on Basic Energy's motion to transfer venue, counsel for Basic Energy began his argument with the proposition that venue was improper in Duval County pursuant to section 15.002 because the act or omissions, if any, occurred in Boston rather than Duval County. In response, counsel for Gomez and the Lazos emphasized the injury occurred in Duval County, and therefore, venue was appropriate in Duval County pursuant to 15.002. Only at the conclusion of his argument did counsel for Basic Energy ask the court to direct its attention to section 15.003, arguing Gomez failed to present venue facts to establish proper venue. He also reiterated that pursuant to section 15.002, his client specifically denied the Lazos' allegation that all or substantially all of the acts occurred in Duval County.

After reviewing the record, we conclude that section 15.002 and 15.003 arguments were presented to the trial court as grounds for the motion to transfer venue. However, the trial court's order does not specify why it denied the motion to transfer venue. It is unclear whether the trial court denied the motion because Gomez and the Lazos independently established proper venue pursuant to section 15.002 or because they met the joinder requirements pursuant to section 15.003. If section 15.002 is the basis for the trial court's ruling denying the motion to transfer venue, then we do not have jurisdiction over this appeal. *Compare* § 15.003(c) (permitting interlocutory appeal wherein plaintiff who was included by joinder or intervention cannot independently establish proper venue) *with* § 15.064 (preventing interlocutory appeal from trial court's venue determination); *see also Am. Home Prods. Corp. v. Clark*, 3 S.W.3d 57, 58 (Tex. App.—Waco 1999, no pet.) (outlining when appeals court has and does not have jurisdiction with regard to a trial court's venue determination). On the contrary, if section 15.003

is the basis for the trial court's ruling denying the motion to transfer venue, then we have jurisdiction to hear the interlocutory appeal. *See id.*

Because the trial court's order does not specify the basis for its ruling and because our jurisdiction depends on the basis for that ruling, we must abate this cause and order the trial court to prepare a revised order specifying the basis for its ruling. *See Elec. Data Sys. Corp.*, 68 S.W.3d at 257 (explaining court had to abate appeal and order trial court to prepare revised order before it addressed appellant's venue complaint); *Am. Home Prods. Corp.*, 3 S.W.3d at 58 (abating appeal and ordering trial court to prepare revised order when original order failed to specify section 15.002 or 15.003 as basis for ruling). Should the revised order state 15.002 is the basis for denying Basic Energy's motion to transfer venue, we will dismiss the pending interlocutory appeal for lack of jurisdiction. The court's revised order shall be filed with this Court in a supplemental clerk's record within thirty (30) days of the date of this Order.

## CONCLUSION

We abate this cause and order the trial court to prepare a revised order specifying the basis for its ruling so we may determine whether we have jurisdiction over this appeal.

PER CURIAM