Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00128-CV

**BASIC ENERGY SERVICES GP, LLC** and Basic Energy Services, L.P.,
Appellants

v.

Nelda **GOMEZ**, Duly Appointed Legal Guardian of the Estate of Kayla Deanne Lazo (Minor),
Amador Lazo, and Brittany Lazo
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-09-74
Honorable Alex William Gabert, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: November 24, 2010

DISMISSED

This is an interlocutory appeal from a trial court's order denying appellants', Basic Energy Services GP, LLC and Basic Energy Services, L.P.'s ("Basic Energy"), motion to transfer venue. Appellees, Nelda Gomez, Duly Appointed Legal Guardian of the Estate of Kayla Deanne Lazo, Amador Lazo, and Brittany Lazo ("Gomez and the Lazos"), contend this appeal should be dismissed for lack of jurisdiction. We agree, and dismiss the appeal for want of jurisdiction.

## PROCEDURAL AND FACTUAL HISTORY

This rendition of the procedural and factual history relevant to this appeal is taken, in part, from this court's previous opinion abating the appeal:

> Kayla DeAnne Lazo was seriously injured after an Xbox game system caught fire. Kayla's medical expenses were paid by an insurance program provided by Kayla's father's employer, Basic Energy. On behalf of Kayla, Gomez and the Lazos brought suit against GameStop Corporation, the retailer who sold the game, and Microsoft Corporation, the manufacturer of the game. The lawsuit was brought in Duval County, Texas on the basis that "all or part of the facts giving rise to this cause accrued, in whole or in part, in Duval County." A settlement was reached with GameStop Corporation, and the remainder of the suit was removed to the United States District Court for the Southern District of Texas, Corpus Christi Division. A settlement was ultimately reached with Microsoft Corporation. Proceeds from the first settlement were paid to reimburse the insurance program, but a balance remained.

> After the second settlement, Gomez filed a declaratory judgment action in Duval County against the Lazos, Basic Energy, and The Phia Group, LLC, which is a third party administrator of the insurance program. In that suit, Gomez alleged Kayla's father, Amador Lazo, was responsible for repayment of the unreimbursed balance. Thereafter, the Lazos filed a third-party petition against The Phia Group, LLC, Basic Energy, and Michael Sweeny, an agent of The Phia Group, LLC. The Lazos complained The Phia Group, Basic Energy, and Sweeny had agreed to limit the insurance program's recovery to the amount actually received by the Lazos from the Microsoft settlement proceeds and breached that agreement.

> Basic Energy filed a motion to transfer venue, alleging venue was improper in Duval County and the suit should be transferred to Midland County, Texas. After receiving Gomez and the Lazos' response and Basic Energy's reply, the trial court conducted a hearing and ultimately denied the motion without specifying the grounds for its decision.

> ***

> On appeal, Basic Energy asserts the trial court erred in denying its motion to transfer venue from Duval County to Midland County.

*Basic Energy Servs. GP, LLC v. Gomez*, No. 04-10-00128-CV, 2010 WL 2770276, at *1 (Tex. App.—San Antonio Jul. 14, 2010, no pet.) (per curiam).

Upon our initial review of this appeal, we determined that before we could address any of the substantive issues, we had to first determine whether we had jurisdiction over this appeal. *Id*. Gomez and the Lazos argued, and continue to argue, this appeal must be dismissed for lack of jurisdiction in accordance with section 15.064 of the Texas Civil Practice and Remedies Code ("the Code"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (West 2002). Basic Energy argues this court has interlocutory jurisdiction pursuant to section 15.003(c) of the Code. *See id.* § 15.003(c) (West Supp. 2009).

As we noted previously, section 15.064 provides that no interlocutory appeal is available from a trial court's determination of a venue question. *Basic Energy*, 2010 WL 2770276, at *2 (citing TEX. CIV. PRAC. & REM. CODE ANN.). That section states, "[t]he court shall determine venue questions from the pleadings and affidavits. No interlocutory appeal shall lie from the determination." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a). And, generally, a party must wait until a final judgment occurs in order to appeal an erroneous ruling regarding venue. *Basic Energy*, 2010 WL 2770276, at *2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Elec. Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257 (Tex. App.—Fort Worth 2002, no pet.)). We noted, however, that when a case involves multiple plaintiffs, wherein plaintiffs are included by joinder or intervention, section 15.003 establishes a limited right of interlocutory appeal to contest a trial court's venue determination. *Basic Energy*, 2010 WL 2770276, at *2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)-(c); *Surgitek, Bristol-Myers Corp.*, 997 S.W.2d at 601; *Elec. Data Sys. Corp.*, 68 S.W.3d at 257). In our abatement opinion, we recognized that this "limited right of interlocutory appeal extends only to plaintiffs who are unable to independently establish proper venue apart from the joinder factors set out in section 15.003(a)."

*Basic Energy*, 2010 WL 2770276, at \*2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)-(c); *Elec. Data Sys. Corp.*, 68 S.W.3d at 258).  Section 15.003(a) provides:

> In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for a suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
>
> (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
>
> (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit
>
> (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and
>
> (4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM. CODE ANN § 15.003(a).  "Sections 15.003(b)-(c) permit a party challenging the joinder of a plaintiff who cannot independently establish proper venue to take an interlocutory appeal." *Basic Energy*, 2010 WL 2770276, at \*2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b)-(c)).

We noted that Gomez and the Lazos filed suit against Basic Energy, asserting venue was proper in Duval County under section 15.002(a) of the Code on the basis that "all or part of the facts giving rise to this cause accrued, in whole or in part, in Duval County." *Basic Energy*, 2010 WL 2770276, at \*2 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (a)).  Basic Energy, however, filed a motion to transfer venue under section 15.003, asserting each plaintiff must "independently of every other plaintiff establish proper venue." *Basic Energy*, 2010 WL 2770276, at \*2 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a)).  Gomez and the Lazos filed a response in which they argued venue was proper in Duval County pursuant to

section 15.002. *Basic Energy*, 2010 WL 2770276, at *2. In addition, although Basic Energy filed its motion to transfer venue under section 15.003, in its reply, Basic Energy alleged venue was improper in Duval County pursuant to sections 15.002 and 15.003. *Basic Energy*, 2010 WL 2770276, at *2. "Moreover, at the trial court's hearing on Basic Energy's motion to transfer venue, counsel for Basic Energy began his argument with the proposition that venue was improper in Duval County pursuant to section 15.002 because the act or omissions, if any, occurred in Boston rather than Duval County." *Basic Energy*, 2010 WL 2770276, at *2. Gomez and the Lazos, in response to this argument, emphasized the injury occurred in Duval County, and therefore, venue was appropriate in Duval County pursuant to 15.002. *Basic Energy*, 2010 WL 2770276, at *2. "Only at the conclusion of his argument did counsel for Basic Energy ask the court to direct its attention to section 15.003, arguing Gomez failed to present venue facts to establish proper venue." *Basic Energy*, 2010 WL 2770276, at *2. Counsel also reiterated that pursuant to section 15.002, his client specifically denied the Lazos' allegation that all or substantially all of the acts occurred in Duval County. *Basic Energy*, 2010 WL 2770276, at *2.

Based on the foregoing, which was based on our review of the record, we concluded that both section 15.002 and 15.003 arguments were presented to the trial court as grounds for the motion to transfer venue. *Basic Energy*, 2010 WL 2770276, at *3. We have again reviewed the record, and hold that our original determination was accurate: venue arguments were presented to the trial court based on both section 15.002 and section 15.003.

Originally, the trial court's order did not specify why it denied the motion to transfer venue. *Basic Energy*, 2010 WL 2770276, at *3. More specifically, it was unclear whether the trial court denied the motion because Gomez and the Lazos independently established proper venue pursuant to section 15.002 or because they met the joinder requirements pursuant to

section 15.003. *Basic Energy*, 2010 WL 2770276, at \*3. We held, at that time, that if section 15.002 was the basis for the trial court's denial of Basic Energy's motion to transfer venue, we lacked jurisdiction over this appeal. *Basic Energy*, 2010 WL 2770276, at \*3; *compare* § 15.003(c) (permitting interlocutory appeal wherein plaintiff who was included by joinder or intervention cannot independently establish proper venue) *with* § 15.064 (preventing interlocutory appeal from trial court's venue determination); *see also Am. Home Prods. Corp. v. Clark*, 3 S.W.3d 57, 58 (Tex. App.—Waco 1999, no pet.) (outlining when appellate court has and does not have jurisdiction with regard to a trial court's venue determination). However, if section 15.003 was the basis for the trial court's ruling, we would have jurisdiction to hear the interlocutory appeal. *See id*.

Accordingly, we abated this cause and ordered the trial court to prepare a revised order specifying the basis for its ruling. *Basic Energy*, 2010 WL 2770276, at \*3 (citing *Elec. Data Sys. Corp.*, 68 S.W.3d at 257 (explaining court had to abate appeal and order trial court to prepare revised order before it addressed appellant's venue complaint); *Am. Home Prods. Corp.*, 3 S.W.3d at 58 (abating appeal and ordering trial court to prepare revised order when original order failed to specify section 15.002 or 15.003 as basis for ruling)). We advised that if the revised order should state that 15.002 was the basis for the trial court's denial of Basic Energy's motion to transfer venue, we would dismiss the pending interlocutory appeal for lack of jurisdiction. *Basic Energy*, 2010 WL 2770276, at \*3. We ordered the trial court to include its revised order in a supplemental record to be filed in this court. *Basic Energy*, 2010 WL 2770276, at \*3.

In accordance with our opinion and order, the trial court prepared a revised order, which was included in a supplemental clerk's record filed in this court. The order states, in pertinent part:

> On this the 30th day of July, 2010, came on to be heard Defendants/Third-Party Defendants Basic Energy Services GP, LLC and Basic Energy Services, L.P.'s Motion to Transfer Venue and the Court having considered the following matter submitted by the parties is of the opinion that the said Motion should be denied.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendants/Third-Party Defendants Basic Energy Services GP, LLC and Basic Energy Services, L.P.'s **Motion to Transfer Venue is DENIED pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code** and this matter shall remain on the Court's Docket in Duval County, Texas.
>
> IT IS FURTHER[ ] ORDERED, ADJUDGED and DECREED that Plaintiff Nelda Gomez, Duly Appointed Legal Guardian of the Estate of Kayla Deanne Lazo (Minor) **properly pled venue facts** in Plaintiff's Original Petition for Declaratory Judgment and Plaintiff's Original Petition that support venue in Duval County, Texas **pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that the transaction and/or occurrence made the subject of this case and the acts or omissions giving rise to the cause of action all occurred in Duval County, Texas.** The fire in which Plaintiff Kayla DeAnne Lazo was seriously burned and which is the basis of this lawsuit occurred in Duval County, Texas, as stated in Plaintiff's Original Petition for Declaratory Judgment and Plaintiff's Original Petition and Defendants/Third-Party Plaintiffs Amador Lazo and Brittany Lazo's Original Answer and Third-Party Petition/Dec Action.
>
> IT IS FURTHER[ ] ORDERED, ADJUDGED and DECREED that Defendants/Third-Party Plaintiffs Amador Lazo and Brittany Lazo properly pled venue facts in Defendants/Third-Party Plaintiffs Original Answer and Third-Party Petition/Dec Action that support venue in Duval County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that the transaction and/or occurrence made the subject of this case and the acts or omissions giving rise to the cause of action all occurred in Duval County, Texas. The fire in which Plaintiff Kayla DeAnne Lazo was seriously burned and which is the basis of this lawsuit occurred in Duval County, Texas, as stated in Plaintiff's Original Petition for Declaratory Judgment and Plaintiff's Original Petition and Defendants/Third-Party Plaintiffs Amador Lazo and Brittany Lazo's Original Answer and Third-Party Petition/Dec Action.

(emphasis added). Based on the trial court's revised order, it appeared we did not have jurisdiction over this interlocutory appeal. *See Basic Energy*, 2010 WL 2770276, at *3; *compare* § 15.003(c) (permitting interlocutory appeal wherein plaintiff who was included by joinder or intervention cannot independently establish proper venue) *with* § 15.064 (preventing interlocutory appeal from trial court's venue determination); *see also Am. Home Prods. Corp. v. Clark*, 3 S.W.3d 57, 58 (Tex. App.—Waco 1999, no pet.) (outlining when appeals court has and does not have jurisdiction with regard to a trial court's venue determination). Accordingly, we issued a show cause order requiring Basic Energy to file a written response showing cause why this appeal should not be dismissed for want of jurisdiction. Basic Energy filed a response, and Gomez and the Lazos filed a reply to the response.

We have reviewed Basic Energy's response and the replies filed by Gomez and the Lazos. Basic Energy's response does not establish we have jurisdiction over this interlocutory appeal given the trial court's revised order in which the court specifically stated its decision was based on section 15.002 of the Texas Civil Practice and Remedies Code. Accordingly, we hold we do not have jurisdiction over this appeal. *See id.*

### CONCLUSION

Based on the foregoing, we dismiss the appeal for want of jurisdiction.

Marialyn Barnard, Justice