# Supreme Court of Texas

No. 24-0040

Rush Truck Centers of Texas, L.P. and Blue Bird Body Company,

*Petitioners*,

v.

Sean Sayre and Tori Sayre, Individually and as Representative of the Estate of Emory Sayre, Deceased,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**Argued March 19, 2025**

JUSTICE SULLIVAN delivered the opinion of the Court.

Piecemeal appeals can twist litigation from a straight line into a labyrinth. This is a nightmarish case in point. Three years after the plaintiffs mourned their young daughter's death, the defendants are before us on interlocutory appeal to argue about which district court is the right venue.

The Legislature addressed this problem in 1983 by setting a clear default rule: When a district court decides a venue question, "[n]o

interlocutory appeal shall lie from the determination." TEX. CIV. PRAC. & REM. CODE § 15.064(a). In 2003, a narrow exception to the rule was added to Section 15.003(b) of the Texas Civil Practice and Remedies Code. Two more decades later, the courts of appeals have stretched this statutory exception into a gaping jurisdictional loophole, such that an interlocutory appeal concerning venue can be taken in nearly any case with multiple plaintiffs.

Today, we close that loophole and hold that the mere presence of multiple plaintiffs in front of the < *v.* > does not suffice to invoke appellate jurisdiction. Section 15.003(b) permits interlocutory appeals only in cases where a plaintiff's independent claim to venue is at issue. That's not this case. These two plaintiffs assert identical claims, based on identical facts, with identical venue grounds. The court of appeals therefore erred in taking jurisdiction of the interlocutory appeal. We vacate the judgment of the court of appeals and remand the case to the district court for further proceedings.

**I**

This products-liability case arises out of a tragedy no parent should have to endure. In April 2022, six-year-old Emory Sayre was killed by her school bus as she exited the bus and crossed in front of it to go home. The fatal accident occurred in Parker County, Texas.

The bus was manufactured by Blue Bird Body Company in Georgia. Rush Truck Centers of Texas, L.P., an authorized Blue Bird dealer, sold the bus to Brock Independent School District. Rush Truck's principal office is in Comal County. At the time of the sale, Rush Truck

2

maintained a facility in Dallas County, where it did business as "Rush Bus Centers of Dallas" or "RBC-Dallas."

In September 2022, Emory's parents, Sean and Tori Sayre, filed suit in Dallas County against Rush Truck, Blue Bird, and Brock ISD. They later dismissed their claims against Brock ISD. The Sayres asserted claims against Blue Bird for strict liability, strict-liability design defect, strict-liability manufacturing defect, strict-liability failure to warn, negligence, and gross negligence. They also brought claims against Rush Truck for strict liability, strict-liability failure to warn, negligence, and gross negligence.

The Sayres argued that venue was proper in Dallas County because "a substantial part of the events or omissions giving rise to [the] claims occurred" there. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). The Sayres contend that Rush Truck:

- proposed, negotiated, and ultimately entered into the agreement for the sale of the bus from its Dallas County location;
- billed for the bus from Dallas County;
- registered the bus in Dallas County;
- inspected the bus in Dallas County; and
- passed title to Brock ISD in Dallas County.

And if venue was proper in Dallas County for the Sayres' suit against Rush Truck, they could also maintain their suit against Blue Bird in Dallas County. *See id.* § 15.005.

Rush Truck and Blue Bird moved to transfer venue either to Parker County, where the fatal accident occurred, or to Comal County, where Rush Truck's principal office is located. They argued that the activities in Dallas County were merely clerical and administrative,

3

while the heart of the dispute was in Parker County, where the Rush Truck employee who negotiated the bus's sale worked from home, and where the bus was ultimately delivered to Brock ISD.

After a hearing, the trial court denied the motion to transfer venue. Rush Truck and Blue Bird filed an interlocutory appeal, and the court of appeals affirmed the trial court's refusal to transfer the case. The court of appeals held that a substantial part of the events or omissions giving rise to the Sayres' claims against Rush Truck occurred in Dallas County, including most activities related to the "supply" of the bus. 704 S.W.3d 857, 864–65 (Tex. App.—Dallas 2023).

Rush Truck and Blue Bird petitioned this Court for review, arguing that the court of appeals misconstrued the pertinent venue provisions by focusing on clerical and administrative activities in Dallas County, rather than locating the heart of the dispute. After merits briefs were filed on the venue issue, we requested supplemental briefing on whether the court of appeals had jurisdiction to entertain the interlocutory appeal. *See Abbott v. Mexican Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 699 (Tex. 2022) ("This Court always has jurisdiction to determine its own, and the lower courts', jurisdiction.").

## II

Jurisdiction always comes first. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998). Courts of appeals generally have appellate jurisdiction only over final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & nn.11–12 (Tex. 2001). While the Legislature has authorized interlocutory appeals in limited

4

circumstances, we strictly construe statutes permitting such appeals as narrow exceptions to the general rule. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

The general rule for venue determinations, codified at Section 15.064(a), is clear: "The court shall determine venue questions from the pleadings and affidavits. *No interlocutory appeal* shall lie from the determination." TEX. CIV. PRAC. & REM. CODE § 15.064(a) (emphasis added); *see also* Act of May 28, 1983, 68th Leg., R.S., ch. 385, § 4(d)(1), 1983 Tex. Gen. Laws 2119, 2124 (codified at TEX. CIV. PRAC. & REM. CODE § 15.064(a)). Section 15.003(b), however, creates a limited exception in multi-plaintiff cases, permitting interlocutory appeal of "a trial court's determination under Subsection (a) that . . . a plaintiff did or did not independently establish proper venue." TEX. CIV. PRAC. & REM. CODE § 15.003(b)(1). So our analysis begins (and ends) with a jurisdictional inquiry: Does Section 15.003(b) allow an interlocutory appeal in every case involving multiple plaintiffs, as most courts of appeals have held, or only in cases where the trial court necessarily determines whether each plaintiff independently established proper venue, as the Fourth Court of Appeals has held?

Rush Truck urges the majority view, pointing to eleven courts of appeals that hold interlocutory appeals are always available for venue determinations in multi-plaintiff cases. On this view, the specific language in Section 15.003(b) authorizing an interlocutory appeal "trumps the more generic language in [S]ection 15.064 stating broadly that '[n]o interlocutory appeal shall lie from the determination [of venue

5

questions].'" *Shamoun & Norman, LLP v. Yarto Int'l Grp.*, 398 S.W.3d 272, 286–87 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd).[*]

The Sayres, on the other hand, contend that Section 15.003(b) allows interlocutory appeals only if a trial court actually and necessarily determines whether each plaintiff independently established proper venue. *See Basic Energy Servs. GP, LLC v. Gomez*, 398 S.W.3d 734, 736 (Tex. App.—San Antonio 2010, no pet.). According to the Sayres, their case isn't covered by the 2003 amendment to Section 15.003(b) because

---

[*] *See, e.g.*, *Ryan Marine Servs., Inc. v. Hoffman*, 668 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2023, no pet.) ("Here, we have a multiple-plaintiff case and an order from the trial court denying appellants' motions to transfer venue. These are the circumstances that Texas appellate courts have held [Section] 15.003(b) permits an interlocutory appeal from a trial court's ruling."); *Jackson v. Jackson*, No. 02-15-00102-CV, 2016 WL 5220069, at *3 (Tex. App.—Fort Worth Sept. 22, 2016, pet. denied) ("[I]n cases involving multiple plaintiffs, [Section] 15.003(b) expressly authorizes an interlocutory appeal."); *Clear Diamond, Inc. v. Zapata*, No. 03-20-00057-CV, 2021 WL 3572725, at *5 (Tex. App.—Austin Aug. 13, 2021, no pet.) ("Because the suit underlying this cross-appeal involves multiple plaintiffs, we conclude that we have jurisdiction under Section 15.003(b) to consider a timely filed appeal from the trial court's venue determination."); *Flare Air, L.L.C. v. Burton*, No. 06-18-00097-CV, 2019 WL 166834, at *2 (Tex. App.—Texarkana Jan. 11, 2019, no pet.) ("However, an exception to [Section 15.064(a)] is found in Section 15.003 . . . in cases involving multiple plaintiffs."); *Nguyen v. Nguyen*, No. 07-24-00093-CV, 2024 WL 5049984, at *3 (Tex. App.—Amarillo Dec. 9, 2024, no pet.) ("[Section 15.003(b)] has been interpreted as affording a right of immediate appeal of venue determinations in multi-plaintiff cases."); *Brown v. Health & Med. Prac. Assocs., Inc.*, No. 09-13-00192-CV, 2013 WL 5658605, at *2 (Tex. App.—Beaumont Oct. 17, 2013, no pet.) ("Because there are multiple plaintiffs in this lawsuit, we have jurisdiction to decide this interlocutory appeal."); *In re AAA Bros. Holdings, LLC*, No. 12-23-00210-CV, 2023 WL 6631952, at *4 (Tex. App.—Tyler Oct. 11, 2023, orig. proceeding [mand. denied]) ("Section 15.003(b) provides an exception to the general rule, allowing interlocutory appeals for venue determinations in cases involving multiple plaintiffs."); *Yarto*, 398 S.W.3d at 285 ("[I]nterlocutory appeals are available for venue determinations in any case involving multiple plaintiffs.").

they assert identical claims, arising from identical facts, with identical venue grounds.

Nose-counting amongst the lower courts cannot decide this important question of statutory interpretation. That brings us to the text of Section 15.003, which provides in relevant part as follows:

> (a) In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, *independently* of every other plaintiff, establish proper venue. If a plaintiff cannot *independently* establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, *independently* of every other plaintiff, establishes that:
>
> > (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;
> >
> > (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;
> >
> > (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and
> >
> > (4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.
>
> (b) An interlocutory appeal may be taken of a trial court's *determination under Subsection (a)* that:
>
> > (1) a plaintiff did or did not independently establish proper venue; or

(2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)–(4).

TEX. CIV. PRAC. & REM. CODE §§ 15.003(a)–(b) (emphases added).

The key phrase in Section 15.003(b) is "determination under Subsection (a)." This cross-reference ties the availability of an interlocutory appeal to the trial court's determination as to whether each plaintiff established proper venue "independently" of every other plaintiff. It does not automatically grant appellate jurisdiction just because multiple plaintiffs appear in a case. If it did, Section 15.003(b) would effectively swallow the rule in Section 15.064(a), which broadly prohibits interlocutory appeals of venue determinations.

Section 15.003(b)'s narrow exception cannot gut Section 15.064(a)'s broad prohibition against interlocutory appeals of venue determinations on the theory that the specific governs the general. "The general/specific canon . . . deals with what to do when conflicting provisions simply cannot be reconciled—when the attribution of no permissible meaning can eliminate the conflict." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 183 (2012). But Sections 15.003(b) and 15.064(a) are reconcilable. The right to interlocutory appeal under Section 15.003(b)—and the corresponding ability to avoid Section 15.064(a)'s general rule to the contrary—extends to cases where the trial court must determine whether each plaintiff independently established proper venue apart from the joinder factors in Section 15.003(a). Put differently, Section 15.003(b) applies only to venue determinations to retain or transfer one of the plaintiffs within a suit—not to every venue determination that

8

happens to involve multiple plaintiffs. Homogenous venue disputes, like the one in this case, are left to Section 15.064(a), which allows for no interlocutory appeal.

This reading is confirmed by "consider[ing] the context and framework of the entire statute" and construing it as a whole. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017). "Context is a primary determinant of meaning." SCALIA & GARNER, *supra*, at 167. "Words in a vacuum mean nothing. Only in the context . . . of the statute can the true meaning of a single provision be made clear." *McClane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 920 (Tex. 2023) (quoting *Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994)).

In 2003, the Legislature amended Section 15.003 in an apparent response to our decision in *American Home Products Corp. v. Clark*, 38 S.W.3d 92 (Tex. 2000). In *American Home*, we interpreted the prior version of Section 15.003 to permit interlocutory appeals only of decisions allowing or denying intervention or joinder—not appeals of general venue determinations. *Id.* at 96. Under that version of the statute, if a trial court determined, even erroneously, that venue was proper under Section 15.002, an interlocutory appeal was unavailable. *Id.* A contrary interpretation would have made "any trial court venue decision under § 15.002 in a multi-plaintiff case reviewable by interlocutory appeal, which is contrary to the plain language of the [Civil Practice and Remedies Code]." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 15.064).

9

The Legislature's 2003 amendment to Section 15.003 broadened the scope of interlocutory appeals beyond just intervention and joinder determinations to include determinations of whether "a plaintiff did or did not independently establish proper venue." TEX. CIV. PRAC. & REM. CODE § 15.003(b)(1). While the statute's language is undoubtedly broader than it was before, Section 15.003 is still "not a venue statute." *Am. Home*, 38 S.W.3d at 96. The Legislature did not eliminate as an appellate-jurisdictional prerequisite the trial court's having made a determination "under Subsection (a)" regarding independent establishment of venue. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(b). Had the Legislature wanted to allow interlocutory appeals in *all* multi-plaintiff cases, it could've just said so, or at least repealed the broad prohibition against interlocutory appeals from venue determinations found in Section 15.064(a).

The concern apparent from the text of Section 15.003 was the prevention of what's known as "tag-along" venue—where plaintiffs with no connection to their preferred venue join with a plaintiff who can establish proper venue there. *See Am. Home*, 38 S.W.3d at 94 (involving a lawsuit where only one out of eleven plaintiffs resided in the county of suit). The amended statute thus ensures that each plaintiff *independently* establishes proper venue or satisfies all four of the requirements enumerated in Sections 15.003(a)(1)–(4).

The tag-along concern is absent where, as here, all plaintiffs assert identical claims, arising from identical facts, with identical venue grounds. Both plaintiffs are parents asserting wrongful-death and survival claims for the loss of their daughter. Their grounds for

10

establishing venue in Dallas County are exactly the same, and the venue analysis wouldn't be any different had young Emory been raised in a single-parent household.  So the trial court had no need to determine whether each plaintiff "independently" established proper venue—their venue facts are indistinguishable.

The Fourth Court of Appeals has correctly recognized the limited scope of Section 15.003, holding that interlocutory appeals are available "only to plaintiffs who are unable to independently establish venue apart from the joinder factors set out in [S]ection 15.003(a)."  *Basic Energy*, 398 S.W.3d at 736; *see also Harding Bars, LLC v. McCaskill*, 374 S.W.3d 517, 519–20 (Tex. App.—San Antonio 2012, pet. denied). This interpretation is true to the text, context, and structure of Sections 15.003 and 15.064.  And it preserves Section 15.003(b)'s narrow exception for cases in which individual plaintiffs improperly tag-along in an effort to establish venue in a county where they could not independently do so.

*    *    *

We hold that where a trial court never needed to determine whether each plaintiff independently established proper venue—because the venue facts are identical for all the plaintiffs—Section 15.003(b)'s narrow exception does not apply, and Section 15.064(a)'s general rule against interlocutory venue appeals controls.  The court of appeals therefore lacked jurisdiction to hear this interlocutory appeal, and we decline to reach the merits of the venue issue originally briefed by the parties. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("The fundamental rule is that the

[C]ourt may not reach the merits if it finds a single valid basis to defeat jurisdiction.").   Instead, we vacate the judgment of that court and remand the case to the district court for further proceedings.  *See* TEX. R. APP. P. 60.2(d).

_____

James P. Sullivan
Justice

**OPINION DELIVERED:** June 6, 2025