

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00320-CV

———————————————————

PLATFORM II, LLC AND ENPLAT II, LLC, Appellants

V.

PEGASUS RESOURCES, LLC, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-361030-25

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellants Platform II, LLC (Platform) and Enplat II, LLC (Enplat) attempt to appeal from the trial court's order denying their motion to transfer the venue of Appellee Pegasus Resources, LLC's (Pegasus) suit against them. Pegasus filed a motion to dismiss the appeal, arguing that we lack jurisdiction because no interlocutory appeal lies from the trial court's venue determination. We agree with Pegasus. Because Platform and Enplat moved to transfer venue pursuant to Texas Civil Practice and Remedies Code Section 15.002, we do not have jurisdiction over this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002, .064(a).

Pegasus and McMullen Minerals, LLC (McMullen)[1] jointly filed identical suits in Tarrant County for breach of contract and unjust enrichment against Platform and Enplat. They alleged homogenous venue facts, contending that venue was proper in Tarrant County because a substantial part of the events giving rise to their claims occurred in Tarrant County and that the parties had entered into the contracts in Tarrant County. *See id.* §§ 15.002(a)(1), .035. Along with their answer, Platform and Enplat jointly filed a motion to transfer venue, arguing that "Tarrant County has no meaningful connection to Plaintiffs' claims and is not a proper venue under either

---

[1]Platform and Enplat do not appeal the trial court's denial of their change of venue as to McMullen.

2

section 15.002(a) or section 15.035."[2] Platform and Enplat moved to have the entire case—as to both Pegasus and McMullen—transferred to Lubbock County, maintaining that Lubbock County was a county of proper venue under Section 15.002(a)(3) and (b) of the Texas Civil Practice and Remedies Code. *See id.* §§ 15.002(a)(3) (providing that a lawsuit shall be brought in the county of the defendant's principal office), (b) (providing that for the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue to any other county). Following a hearing, the trial court denied Platform and Enplat's motion to transfer venue. Platform and Enplat brought this appeal but only as to the denial of a venue transfer of Pegasus's suit.

We generally have appellate jurisdiction only over final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). While the Legislature has authorized interlocutory appeals in limited circumstances, we strictly construe statutes permitting such appeals as narrow exceptions to the general rule. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

Texas Civil Practice and Remedies Code Section 15.064(a) provides that—but for a narrow exception in Section 15.003(b)—no interlocutory appeals are permitted from a trial court's venue determination. Tex. Civ. Prac. & Rem. Code Ann.

---

[2]Section 15.035 provides that "if a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him . . . in that county." Tex. Civ. Prac. & Rem. Code Ann. § 15.035.

§ 15.064(a) (providing that a court shall determine venue questions from the pleadings and affidavits and that "[n]o interlocutory appeal shall lie from the determination"); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259–60 (Tex. 2008); *see also* Tex. R. Civ. P. 87(6) (providing that "[t]here shall be no interlocutory appeals" from determinations made on motions to transfer venue); *Elec. Data Sys. Corp. v. Pioneer Elecs. (USA) Inc.*, 68 S.W.3d 254, 257–58 (Tex. App.—Fort Worth 2002, no pet.) (recognizing that "[t]he legislature has provided that no interlocutory appeal is available from a trial court's determination of a venue question" and that "[g]enerally, a party must await a final judgment to appeal an erroneous venue ruling").

Here, Platform and Enplat expressly moved pursuant to Section 15.002(a)(3) and (b) to transfer venue as to both Pegasus and McMullen.[3]  *See* Tex. Civ. Prac. &

---

[3]On appeal, Platform and Enplat attempt to invoke a narrow exception to Section 15.064(a)'s prohibition on interlocutory venue-determination appeals.  This exception—Texas Civil Practice and Remedies Code Section 15.003(b)—permits interlocutory appeals from a trial court's venue determination in certain cases in which there is more than one plaintiff.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b).  However, Platform and Enplat did not move to transfer venue pursuant to this limited exception, as Section 15.003(b) is not cited or referenced in any of their filings, pleadings, or motions with the trial court.

Moreover, even if Platform and Enplat had moved to transfer venue pursuant to Section 15.003(b), our jurisdiction remains a concern.  As the Texas Supreme Court recently explained, Section 15.003(b) is limited and applies only when there are multiple plaintiffs *and* when the trial court has made an independent determination of venue with respect to each plaintiff.  *See Rush Truck Ctrs. of Tex., L.P. v. Sayre*, No. 24-0040, 2025 WL 1599527, at *1 (Tex. June 6, 2025) (recognizing that the "mere presence of multiple plaintiffs in front of the [trial court] does not suffice to invoke appellate jurisdiction" and that "Section 15.003(b) permits interlocutory appeals only in cases where a plaintiff's independent claim to venue is at issue").  Here, Pegasus's

4

Rem. Code Ann. § 15.002(a)(3), (b). As outlined above, Texas Civil Practice and Remedies Code Section 15.064(a) explicitly disallows interlocutory appeals from a trial court's venue determination. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a); Tex. R. Civ. P. 87(6). Therefore, because Platform and Enplat sought to transfer venue pursuant to Section 15.002, we conclude that an interlocutory appeal challenging the trial court's venue determination is unavailable to them.

Because there is not an applicable statutory exception—under the facts of this case—permitting an interlocutory appeal from the trial court's venue determination, we hold that we lack jurisdiction over this appeal. Accordingly, we grant Pegasus's motion to dismiss, and we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. 42.3(a), 43.2(f).

---

independent claim to venue was never at issue before the trial court, as the trial court was not tasked with making an independent determination of venue with respect to each plaintiff. *See id.* Section 15.003(b) allows interlocutory appeals only if a trial court *actually and necessarily determines* whether each plaintiff independently established proper venue. *Basic Energy Servs. GP, LLC v. Gomez,* 398 S.W.3d 734, 736 (Tex. App.—San Antonio 2010, no pet.). Pegasus and McMullen asserted identical claims, based on identical facts, with identical venue grounds. Platform and Enplat's filings, pleadings, or motions made no effort to distinguish Pegasus and McMullen nor did Platform and Enplat seek a specific venue ruling to transfer venue as to Pegasus only. In fact, throughout the entirety of their motion to transfer venue, they invariably refer to Pegasus and McMullen collectively as the "Plaintiffs" and never attempt to individually differentiate the parties by their names or alleged venue facts. Thus, a challenge to Pegasus's independent claim to venue was not before the trial court at the time it denied Platform and Enplat's motion to transfer venue. *See Rush,* 2025 WL 1599527, at *1.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  August 28, 2025

6